[No. 7922.]

## CITY OF GOLDFIELD V. GOLDEN CYCLE GOLD MINING COMPANY.

CONSTITUTIONAL LAW—*Vacation of Public Highways.* The power to vacate a public street may be conferred upon a municipal corporation, but must not be exercised arbitrarily and without regard to the rights and necessities of the public. (223.)

Even the General Assembly cannot confer upon private individuals an arbitrary power to this end. (223.)

Acting under sec. 6521 of the Revised Statutes, the private owners of four adjacent blocks in a city assumed, by deed, to vacate, within the limits of these blocks, one of the principal streets of the city, beneath the surface of which was buried a water-main, conveying water to the inhabitants. The deed was declared void. (224.)

*Error to Teller District Court.* Hon. W. S. MORRIS, Judge.

Mr. W. M. ALTER, and Mr. EDWARD J. BOUGHTON, for plaintiff in error.

Messrs. DINES, DINES & HOLME, and Mr. H. McGARRY, for defendant in error.

The City of Goldfield brought an action against the Golden Cycle Mining Company to restrain the defendant from dumping rock upon designated streets within the municipality, and to desist from so conducting its mining operations as to injure the water pipe lines of the city, and for damages. It is not necessary to set out the allegations of the complaint or other pleadings in the case, as the cause was tried upon an agreed statement of facts, from which it appears, so far as material to consider, that plaintiff is a municipal corporation; that within its corporate limits are legally dedicated, platted, and maintained, public streets, designated

as Main Street, Eighth Street and Harrison Avenue; that defendant is a corporation carrying on mining operations, and in so doing caused rock to be dumped on its own property; that the dump increased until it gradually approached the line of Harrison Avenue and Eighth Street, and at the time the action was commenced had covered Main Street at one point for about twenty-five feet, and that if the operations of the company continued, at the rate and in the manner previously pursued, the streets would be entirely covered by the dump at the point adjacent thereto; that the city is the owner of a municipal water plant, and for several years had maintained a water main beneath and through the center of Main Street, passing the point of the Mining Company's dump; that the water main is used by the city for supplying its inhabitants with water; that Main Street is one of the principal streets in the city, and is utilized as a part of the main road leading to points north and south of the city; and that prior to the commencement of the action the city had maintained that street and the water main beneath its surface, by the expenditure of money derived from municipal taxation, and that the streets above named were dedicated subsequent to 1889. It was also stipulated that the city and the mining company endeavored to adjust their differences regarding the use of the streets by the company, for dumping purposes, the details of which it is not necessary to state as they are not material to any question involved; that these negotiations were abandoned, and in September, 1911, the owners of four blocks adjacent to each other in the city, the defendant mining company being one of such owners, executed and recorded a deed of vacation of the streets and alleys included within the exterior lines of these blocks, which deed purported to vacate that portion of Main Street involved; that this deed was executed by virtue of the provisions of section 6521 Revised Statutes of 1908, and an act of the legislature found in the laws of 1909, 509; that subsequent to the execution and recording of this

deed the grantors-therein granted permission to the company to extend its dumps upon and across that part of Main Street, designated in the deed, upon which the company had dumped rock, and that, by virtue thereof, it is the intention of the defendant in the exercise of its claimed rights thereunder, and the permission of the parties thereto, to continue to dump upon that portion of Main Street embraced within the deed, unless it should be determined that the company is without right to do so. Upon these facts judgment was rendered for the defendant company, and the city brings the case here on error.

Section 6521 of the Revised Statutes of 1908, which was passed in 1889, is as follows:

"Any person or persons being the sole owners of all the lots contained within any block in any city, town or village or the town site thereof, or any lands platted and subdivided into town lots, may, by deed duly acknowledged and recorded in the office of the recorder of the county within which such premises are situated, vacate the alley contained with (within) such block; and any person or persons being the sole owners of all the lands included within any town site or lands laid out as a town site, or any addition to or subdivision of any city or town, or any part of such city, town, town site, addition or subdivision, consisting of not less than four blocks adjacent to each other, may, by like deed, vacate all that part of the streets and alleys which are wholly included within such town, city, town site, addition or subdivision, or which lie wholly within the exterior lines of such blocks. This act shall apply to all cities and towns, whether incorporated under the general law or any special act."

The section preceding, which is a part of the same act, is as follows:

"Whenever any street or alley designated on the plat of any city or town, or any lands laid out as the site of a city, town or village, and whether the same be within the limits of any municipal corporation or not, shall be vacated,

the fee of the lands included within such street or alley, or so much thereof as may be vacated, and all right, title and interest of the State, or the inhabitants thereof, or such municipal corporation, shall be deemed and taken to vest in the proprietors of the abutting lots and parts of lots, each abutting owner taking to the centre of the street or alley."

The act mentioned in the stipulated facts as having been passed in 1909, is substantially a re-enactment of the act of 1889. Whatever changes were thereby made in the act of 1889 are not material to any question we are called upon to determine.

GABBERT, C. J., delivered the opinion of the court:

The constitution inhibits the general assembly from passing laws vacating streets. Sec. 25, art. V. The power to vacate streets may, however, be delegated to municipal corporations, but this power cannot be exercised arbitrarily, and without regard to the rights and necessities of the public. *Whitsett v. Union D. & R. Co.*, 10 Colo. 243, 15 Pac. 339. The acts of the general assembly under which the vacation deed was executed permit a street to be arbitrarily vacated by private parties, without regard to the interest or convenience of the public, or of individual rights. Public streets are for the use of the public, and if officials of a municipal corporation, who, by virtue of their control over streets have the power to determine when they may be vacated without injury to the public, cannot exercise this power in an arbitrary manner, it follows as of course that the General Assembly is without authority to confer upon private individuals the power to arbitrarily vacate a street. The facts of this case demonstrate the necessity for this conclusion. Main Street is one of the principal streets of the city. Its use is necessary for the convenience of the public. Underneath the surface of that portion of it embraced within the vacation deed the city has laid and maintained a water main which is used for supplying the inhabitants of

the city with water. If the deed is valid the city may be greatly hindered in repairing or maintaining the water main included in the part of Main Street attempted to be vacated, or may be compelled to construct such part of the main through other territory. In other words, if the vacation deed is upheld a part of Main Street is arbitrarily vacated without regard to the interest and convenience of the public or the rights of the city. In our opinion private individuals cannot be clothed with authority to exercise such an arbitrary power, and the vacation deed is therefore a nullity.

The judgment of the District Court is reversed and the cause remanded for further proceedings in harmony with the views expressed in this opinion.

*Judgment reversed.*

Decision *en banc.*

SCOTT, J., not participating.