*In re* SPEARS.

1. EVIDENCE—JUDICIAL NOTICE.
   The courts will take judicial notice of the growth and development of manufacturing cities.

2. MUNICIPAL CORPORATIONS—ALLEYS—VACATION.
   Unless it is apparent that the public interests will not suffer, a petition by private parties for an order vacating an alley pursuant to the provisions of 1 Comp. Laws 1915, § 3354, should not be granted.

3. SAME.
   Where substantial objections were made by city officials to the vacation of an alley, said vacation should not have been ordered by the trial court.

Certiorari to Kent; Perkins (Willis B.), J. Submitted April 24, 1924. (Docket No. 69.) Decided June 2, 1924.

Petition by Charles A. Spears and another, copartners as the Spears Lumber Company, for the vacation of an alley. Objections were filed by the city of Grand Rapids and Paul Rademaker. From an order granting the petition, the objectors bring certiorari. Reversed, and order vacated.

*Ganson Taggart* (*Charles A. Watt,* of counsel), for appellant city.

*Henry E. Chase,* for appellant Rademaker.

*J. T. & T. F. McAllister,* for appellees.

SHARPE, J. The Spears Lumber Company petitioned the circuit court for the county of Kent to enter an order vacating an alley, extending from Madison

avenue east to College avenue and passing through the center of blocks 9 and 10 of Weston & Meigs' addition to the city of Grand Rapids, pursuant to the provisions of sections 3354 and 3355, 1 Comp. Laws 1915. Objections were filed by the mayor on behalf of the city. It insists that the maintenance of the alley is necessary for the public convenience and travel and for the public use. A hearing was had and proofs taken. The city reviews by certiorari the order entered vacating the alley.

The facts are not in dispute. The alley is 578.9 feet in length and 20 feet in width. It appears that the Spears Company owns the abutting land on both sides for its entire length, and that the principal use made of it is by them in the operation of their lumber business. It is occasionally used by persons and vehicles desiring to pass from Madison avenue to College avenue. It was used by the city fire department during the summer of 1922, when extinguishing a fire on petitioners' property. The Consumers' Power Company has poles erected in the alley on which their wires are placed.

The city manager testified that the alleys of the city generally are now being used for the installation of the poles and wires of public utilities and for sewers and gas mains. He further testified:

"It is very desirable to have access and be close to these fire hazards, which a lumber yard is known to be in the neighborhood, and the engine should be able to get in and sit as close to this as possible."

The chief of the fire department testified that it was desirable to keep the alley open by reason of the fire hazard and the large space which would be enclosed by petitioners if it be vacated.

We must take judicial notice of the growth and development of manufacturing cities such as Grand Rapids. The desire of the people of such a city to

have the sewers, gas mains, telephone, telegraph and electric light poles or conduits placed in alleys, as testified to by the city manager, is general and founded on public convenience, if not necessity. It is no uncommon sight in any such city to see the pavement torn up for the purpose of their installation or repair. Under our present State Constitution (art. 8, § 28)—

"The right of all cities, villages and townships to the reasonable control of their streets, alleys and public places is hereby reserved to such cities, villages and townships."

The entire section was new.

It was held in *Edison Illuminating Co.* v. *Misch*, 200 Mich. 114, that this provision, when construed with section 3351, 1 Comp. Laws 1915, vests the fee of streets and alleys in the cities, villages or townships within the limits of which the plat is included, "in *trust* to and for the uses and purposes therein designated." In *Tomazewski* v. *Palmer Bee Co.*, 223 Mich. 565, 571, wherein the action of a village council in vacating a street was under review, it was said:

"Whether such streets and alleys should be vacated or kept open was wholly a matter of expediency."

Unless it be apparent that the public interests will not suffer by yielding to the desire of the petitioners to close this alley, vacation should not be ordered. The officials of the city oppose such action. We must assume that they are acting in good faith and in what they believe to be the best interests of the people of the city. While, as was said in *Story & Clark Piano Co.* v. *Ottawa Circuit Judge*, 212 Mich. 1, the city may not raise "fanciful, visionary or shadowy objections" to such a petition, we feel constrained to hold that the objections here made, in view of the

proofs submitted, are substantial and should have been sustained.

The order vacating the alley is set aside, with costs to the city against the petitioners.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.