*In re* PETITION OF HAWKINS TO VACATE ALLEY.

1. MUNICIPAL CORPORATIONS—HIGHWAYS AND STREETS—VACATING ALLEY—STATUTES—CONSTITUTIONAL LAW.

    Act No. 6, Pub. Acts 1926 (Ex. Sess.), amending 1 Comp. Laws 1915, § 3355, relating to the recording and vacating of town plats, is not open to the construction that it confers arbitrary power on private individuals to vacate streets and alleys at

their pleasure when they own property abutting on the portion to be vacated, as contended by plaintiff in petition to vacate part of an alley; and if it were open to such construction the act would be void under article 8, § 28, of the Constitution, which reserves to cities and villages a reasonable control of their streets and alleys.

2. STATUTES—CONSTITUTIONAL LAW—CONSTITUTIONALITY OF ACT NOT CONSIDERED.

Whether Act No. 6, Pub. Acts 1926 (Ex. Sess.), amending 1 Comp. Laws 1915, § 3355, relating to the recording and vacating of town plats, is unconstitutional in that it conflicts with article 8, § 28, of the Constitution, reserving to cities and villages a reasonable control of their streets and alleys, not being necessary to decision of the instant case, is not considered.

Appeal from Kent; Brown (William B.), J. Submitted October 5, 1928. (Docket No. 84, Calendar No. 33,825.) Decided December 4, 1928.

Petition by Addie E. Hawkins to vacate an alley. Objection was filed by Leslie Hinman. From a decree dismissing the petition, plaintiff appeals. Affirmed.

*John W. Powers,* for plaintiff.

*Knappen, Uhl & Bryant,* for defendant.

McDONALD, J. Addie E. Hawkins filed a petition in the circuit court to vacate a portion of an alley in the Grandville Improvement Company's addition to the village of Grandville, Kent county, Michigan. She proposes to vacate 125 feet off of the east end of an alley extending from Union avenue on the east to Michigan avenue on the west. She owns all of the land on both sides of that portion which she desires to have vacated. Objections to the petition were filed by an abutting lot owner. On the hearing, the circuit judge refused to vacate and dismissed her petition. She has appealed.

The petition was filed under sections 3354 and 3355, 1 Comp. Laws 1915, as amended by Act No. 6, Pub. Acts 1926 (extra session). The amendment reads as follows:

"If such petition is signed by at least two-thirds of the owners of lands and premises in such town or village or part thereof proposed to be vacated or altered and who also own collectively at least two-thirds by area of the lands and premises therein, the court shall, if all of such proceedings are regular, order that such town or village or part thereof be vacated or altered as prayed in said petition."

The plaintiff construes this amendment to mean that it is mandatory upon the court to vacate a street or alley or any portion thereof when the owner of two-thirds of the land abutting on the portion to be vacated petitions for it. In her brief she says:

"The regularity of the proceedings to vacate have not been questioned in this case. The petitioner owns all the land on each side of the portion to be vacated. The provision of the law as amended leaves no room for discretion."

If the plaintiff has correctly construed the statute, it means that the court must order a vacation regardless of the rights and necessities of the public and of the individual owners of adjoining property. No one is allowed to be heard in opposition to the petition. The court is powerless to hear and consider any reasonable objections to the vacation. So construed, the statute confers arbitrary power on private individuals to vacate streets and alleys at their pleasure if they happen to own property abutting on the portion to be vacated. The exercise of such power would lead to the most absurd and dis-

astrous results. If so minded, an owner of abutting property could close up a portion of Woodward avenue in the city of Detroit; Washington avenue in the city of Lansing, or Monroe avenue in the city of Grand Rapids. The legislature has no authority to confer any such arbitrary power, particularly on private citizens. *City of Goldfield* v. *Mining Co.,* 60 Colo. 220 (152 Pac. 896).

A proper construction of the language of this statute requires the court to order the vacation of a street or alley or any portion thereof on the petition of two-thirds of the owners of land in the plat who also own two-thirds of the area. But this construction is subject to the same constitutional objections that apply to that contended for by the plaintiff. It confers the same arbitrary power and attempts to take from cities, villages, and townships the right to a reasonable control of their streets and alleys, a right reserved to them by section 28, article 8, of the Constitution of Michigan. But in disposing of this case, it is not necessary to discuss at length the constitutionality of the 1926 amendment. The construction contended for by the plaintiff is clearly wrong, but, if it were right, the statute would be void for constitutional reasons. The court did not err in dismissing her petition.

The decree is affirmed.

Fead, C. J., and North, Fellows, Wiest, Clark, Potter, and Sharpe, JJ., concurred.