*In re* PETITION OF HENDRICKS TO VACATE STREET.

1. STATUTES—MUNICIPAL CORPORATIONS—VACATING STREET—COURTS.
    Under power conferred by 1 Comp. Laws 1915, § 2652, village council may vacate street, and similar power is conferred on cities by section 3089, and upon circuit courts by section 3354, and latter statute contains no limitation in regard to proceedings where there is another remedy.

2. MUNICIPAL CORPORATIONS—CONSTITUTIONAL LAW—REASONABLE CONTROL OVER STREETS.
    "Reasonable control" over streets, alleys, and public places, reserved in local authorities by second sentence of section 28, Art. 8, State Const., has particular reference to uses referred to in first sentence, viz., public utility purposes.

3. STATUTES—POWER OF CIRCUIT COURT TO VACATE STREET NOT REPEALED BY CONSTITUTION.

"Reasonable control" over streets, alleys, and public places, vested in city under section 28, Art. 8, State Const., did not operate as repeal of section 3354, 1 Comp. Laws 1915, conferring power on circuit courts to vacate part of city plat; "control" being synonymous with "manage."

4. MUNICIPAL CORPORATIONS—STATUTORY POWERS OF COMMISSION MAY BE CURTAILED BY CHARTER—VACATING STREET.

People of city, in adopting charter, may provide that power to vacate street conferred on city under section 3089, 1 Comp. Laws 1915, should not be exercised by city commission, so that vacation could be had only by proceedings in court of record (sections 3354, 3355, 1 Comp. Laws 1915, as amended by Act No. 6, Pub. Acts 1926, Ex. Sess.).

5. SAME—PROCEEDINGS TO VACATE STREET MAY BE BEGUN BEFORE MUNICIPAL COUNCIL AND ACTION REVIEWED BY COURT—ORIGINAL PROCEEDING MAY BE BEGUN IN COURT.

Petition to vacate street in village or city may be filed with village council or city council or commission as case may be, and action of such body thereon may be reviewed in court only in direct proceeding therefor, but unless petition be filed with village or city authorities, original proceeding to vacate may be begun by petition in circuit court.

6. SAME—GRAND RAPIDS CHARTER—CITY COMMISSION WITHOUT POWER TO VACATE STREET—COURT HAS JURISDICTION.

City commission of Grand Rapids, being deprived by charter of power of vacating street, petition therefor filed in circuit court under 1 Comp. Laws 1915, §§ 3354, 3355, as amended, conferred jurisdiction on court to hear and dispose thereof, notwithstanding similar petition had been first filed with city commission and denied.

7. SAME—VACATING STREET—DISMISSAL OF PETITION AFFIRMED ALTHOUGH COURT ERRONEOUSLY DISAFFIRMED JURISDICTION.

Order of circuit court dismissing petition to vacate city street is affirmed, on certiorari, where justified by proofs and finding thereon, although court erroneously stated it was without jurisdiction to consider petition.

WIEST, J., dissenting in part.

Certiorari to Kent; Brown (William B.), J. Submitted June 14, 1929. (Docket No. 12, Calendar No.

34,181.)    Decided October 7, 1929.    Resubmitted January 21, 1930.    Decided October 3, 1930.

Petition by Gustave A. Hendricks to vacate a street.    Objections were filed by the City of Grand Rapids and others.   From an order dismissing the petition, plaintiff brings certiorari.    Affirmed on rehearing.

*G. A. Wolf* and *Clare J. Hall*, for appellant.

*Ganson Taggart*, for appellee City of Grand Rapids.

*Norris, McPherson, Harrington & Waer*, for appellee Pantlind.

*Oscar E. Waer*, for appellee Mark Norris.

*Laurence W. Smith*, for appellee A. E. Kusterer & Company.

ON REHEARING.

WIEST, C. J.    Our former opinion in this case is reported in 248 Mich. 124.    This opinion is on rehearing.

Does the following provision in the charter of the city of Grand Rapids render the rule we announced inapplicable?    The charter provides:

"The city commission shall not possess the power to give away, surrender or relinquish the control of any street, lane, alley, court, public square or place or create any permanent use thereof for any other purpose than for street or public uses, except by regular vacation proceedings in a proper court of record."

In the brief of counsel for petitioner, presented at the former hearing, the mention of the charter was the following:

"There can be no question about the jurisdiction of the circuit court to consider the petition to vacate Lyon street. That court is the only authority to vacate a street in the city of Grand Rapids. The charter confers no such authority on the commission, and the city attorney conceded the circuit court alone had such authority."

Had counsel cited and quoted the charter provision and argued the point now presented it would have been mentioned in and covered by the opinion. It will, however, be now considered.

Power of the commission, as representative of the municipal legislative authority over streets, is by virtue of the Constitution and statutes and not the charter. The charter may abridge the exercise of power by the commission, and, as in this instance, provide for court review. Reasonable control of streets is reserved to cities by the Constitution. Article 8, § 28. The power so vested is subject only to the limitation of reasonableness in its exercise. The control so vested cannot be delegated to a court of record by city charter provision. Even the legislature may not interfere with such reasonable control. *People* v. *McGraw,* 184 Mich. 233; *In re Petition of Hawkins,* 244 Mich. 681. We should, if possible, give the charter provision construction in accord with the Constitution. If the charter provision be held to vest the court with plenary power to vacate city streets, then it is a delegation of power vested in the municipality by the Constitution and void. If the provision be held to preserve streets from inconsiderate action by sending to a court the question of whether a vacation,

desired by the commission, is reasonable, then it is valid. If the desire of the commission to vacate a street must pass judicial test of its reasonableness, then it stands to reason that the desire of the commission not to have a street vacated is to be respected, unless adjudged unreasonable. In either event judicial power is exercised in review only; in the one instance to review and sanction or deny inchoate action by the commission; in the other to review action by the commission against vacation and determine whether unreasonable. Charter restraint upon municipal legislative power to vacate streets does not result in depriving the legislative power of taking action to preserve streets. Under the charter provision mentioned, the city commission, if desirous of vacating a street, would have to so resolve of record before making application to the court and the court would not grant vacation unless found reasonable. The commission have a voice in preserving streets, and if they resolve to preserve the court may not interfere therewith, unless it be made to appear that such attitude is unreasonable. The reasonable control, vested in the city, is not divested by the mentioned charter abridgment of the power to vacate, for such is but an added precaution of control requiring not only action by the commission but as well an adjudication by the court in sanction thereof.

But it is contended that the circuit judge did not pass upon the evidence. We find in the opinion of the circuit judge the following:

"The right of all cities to the reasonable control of their streets being reserved to such cities, and the city commission of the city of Grand Rapids having considered the application of the petitioner for the vacation of that part of Lyon street in ques-

tion here, and having decided adversely to the petitioner and refused to vacate that portion of Lyon street, and objections having been filed by the city in the present case, wherein the city insists that the maintenance of this street from Campau avenue to the river is necessary for public use, and it appearing that these objections by the city are not fanciful, visionary, or shadowy objections, it follows that this court has no jurisdiction over the matter of vacating the street as prayed in the petition herein.''

The circuit judge accepted the view that the proceeding in court was in review of negative action by the commission and made the affirmative finding we have mentioned, and, there being evidence in support of the finding, we may not, upon certiorari, make other determination.

Without repeating what we said in the former opinion, we again hold that, under the Constitution and statutes, power to vacate or to preserve city streets rests with the legislative authority of the municipality, and a court has power of review only, except, under the mentioned charter provision, the commission may not vacate a street without judicial sanction.

Affirmed, with costs.

SHARPE, J.   After mature deliberation, I am convinced that the constitutional provision giving to cities ''the reasonable control of their streets'' (article 8, § 28) should not be given the construction put upon it in our former opinion.

Under the power conferred by section 2652, 1 Comp. Laws 1915, a village council may vacate a street. *Tomazewski* v. *Palmer Bee Co.,* 223 Mich. 565. A similar power is conferred upon cities by

section 3089, and upon circuit courts by section 3354. This latter statute contains no limitation in regard to proceedings where there is another remedy. *Case* v. *Frey,* 24 Mich. 251. Petitions filed under it were before this court in *Re Spears,* 227 Mich. 525, and in *Re Petition of Hawkins,* 244 Mich. 681. In *Curtis* v. *Charlevoix Golf Assn.,* 178 Mich. 50, it was said that under a statute conferring similar power (1 Comp. Laws 1897, § 2780) it was not necessary "as a preliminary to vacating a city street   *   *   *   that a petition be filed with the common council" (syllabus).

Section 28 reads as follows:

"No person, partnership, association or corporation operating a public utility shall have the right to the use of the highways, streets, alleys or other public places of any city, village or township for wires, poles, pipes, tracks or conduits, without the consent of the duly constituted authorities of such city, village or township; nor to transact a local business therein without first obtaining a franchise therefor from such city, village or township. The right of all cities, villages and townships to the reasonable control of their streets, alleys and public places is hereby reserved to such cities, villages and townships."

It is apparent that the last sentence of the section, reserving "reasonable control" in the local authorities, had particular reference to the uses referred to in the first sentence thereof. The extent of such control was considered by this court in *People* v. *McGraw,* 184 Mich. 233; *Brennan* v. *Recorder of Detroit,* 207 Mich. 35, and *Melconian* v. *City of Grand Rapids,* 218 Mich. 397. In the *McGraw Case,* the power of the city under section

28 and other sections therein referred to was presented. This court said:

"Taking the sections together, they should be so construed as to give the power to municipalities to pass such ordinances and regulations with reference to their highways and bridges as are not inconsistent with the general State law. In other words, the municipality retains *reasonable control* of its highways, which is such control as cannot be said to be unreasonable and inconsistent with regulations which have been established, or may be established, by the State itself with reference thereto."

In the address to the people of the State, authorized by the delegates to the convention, explanatory of the provisions of the new Constitution, it was said:

"This is a new section and its purpose is to prevent the use of streets, alleys, highways and public places without the consent of the local authorities first had and obtained. The word 'reasonable' was inserted to place a limitation upon the authority cities, villages and townships may exercise over the streets, alleys, highways and public places within their corporate limits. And it was pointed out in the debates that without the word 'reasqnable' or a similar qualification the section would practically deprive the State itself of authority over its highways and public places."

Section 3354, above referred to, conferring jurisdiction upon the circuit court, was in force at the time the new Constitution was adopted, and, in my opinion, the "reasonable control" vested in the city under section 28 did not operate as a repeal of that law.

There are a number of cases cited in Words and Phrases (First Series) in which the word "control"

is defined. ''The words 'control' and 'manage' are synonymous.'' ''To keep under check, to govern, to restrain.'' ''To exercise a directing, restraining, or governing influence over.''

It may not be inappropriate to add that counsel for the appellees do not now insist that the city council has exclusive jurisdiction in the matter. In answer to the claim of the plaintiff as to the confusion which will result from our former holding, they say: ''A petition can be filed at any time or by any one in the circuit court.''

In this case it appears that a petition to vacate was first filed with the city commission. But, under the following provision in the city charter, the commission was deprived of the power to act:

''The city commission shall not possess the power to give away, surrender or relinquish the control of any street, lane, alley, court, public square or place or create any permanent use thereof for any other purpose than for street or public uses, except by regular vacation proceedings in a proper court of record.''

If the constitutional provision does not vest the exclusive power to vacate in the city, I can see no reason why the people, in adopting their charter, might not provide that the power conferred upon the city under section 3089 should not be exercised by the commission and vacation be had only by proceedings in a court of record. Judge Cooley, in his work on Constitutional Limitations, Vol. 1 (8th Ed.), pp. 413, 414, in discussing the powers of a city says:

''The charter, however, may expressly or by necessary implication exclude the general laws of the State on any particular subject, and allow the cor-

poration to pass local laws at discretion, which may differ from the rule in force elsewhere.''

In my opinion, a petition to vacate a street in a village may be filed with the village council; in a city, with the city council or commission. Such action as these municipal bodies may take may be reviewed in court only in a direct proceeding therefor. But, unless a petition be filed with the village or city authorities, an original proceeding to vacate may be begun by petition in the circuit court. And, as the city commission of Grand Rapids was deprived of the power to act under the charter amendment, the petition here filed, notwithstanding the fact that a similar one had been first filed with the city commission, conferred jurisdiction upon the circuit court to hear and dispose of it. The effect to be given to the amendment to section 3355 (Act No. 6, Pub. Acts, Ex. Sess. 1926) was decided in *Re Petition of Hawkins, supra.* When presented, and after giving the notice provided for in the statute, the court, if it determines that there is ''no reasonable objection to making such   *   *   *   vacation'' (section 3355), shall grant the prayer thereof. The force and effect to be given to the opposition of the city was clearly stated in *Tomazewski* v. *Palmer Bee Co., supra,* in *Re Spears, supra,* and in *Re Petition of Hawkins, supra,* and need not be here repeated.

The order of the trial court dismissing the petition does not disclose the reasons therefor. Specific objections were filed by the city and evidence submitted to support them. In his opinion he stated that these were ''not fanciful, visionary or shadowy objections,'' and in my opinion, after a careful reading of the record, they were not, but were made in

good faith and in what the commission believed to be for the best interests of the city. He also stated that he had no jurisdiction to consider the petition. In this I think he was in error, for the reasons stated. But, as the proofs and the finding justify the order made, I concur in its affirmance.

BUTZEL, CLARK, and POTTER, JJ., concurred with SHARPE, J.

NORTH, J. I concur on the question of practice involved.

FEAD, J., concurred with NORTH, J. MCDONALD, J., did not sit.