*In re* PETITION OF HENDRICKS TO VACATE STREET.[1]

1. Statutes—Constitutional Law—Municipal Corporations—Vacating Street.

   Act No. 6, Pub. Acts 1926, Ex. Ses., amending 1 Comp. Laws 1915, § 3355, relating to recording and vacating town and village plats, and providing for vacating plat by court when petition therefor is signed by two-thirds of owners of lands therein, if applicable to vacation of all or part of city street, violates section 28, Art. 8, Const., and is to such extent void.

2. Municipal Corporations—Vacating Street—Action of City Not Reviewable in Absence of Abuse of Discretion or Fraud.

   In view of section 28, Art. 8, Const., reserving to cities, townships, and villages reasonable control of their streets, action of city in refusing to vacate portion of street on petition of owner of land on both sides thereof (1 Comp. Laws 1915, § 3355) is final, and may not be reviewed by courts in absence of abuse of discretion or fraud.

Certiorari to Kent; Brown (William B.), J. Submitted June 14, 1929. (Docket No. 12, Calendar No. 34,181.) Decided October 7, 1929.

Petition by Gustave A. Hendricks to vacate a street. Objections were filed by the City of Grand Rapids and others. From an order dismissing the petition, plaintiff brings certiorari. Affirmed.

*G. A. Wolf* and *Clare J. Hall,* for appellant.

*Ganson Taggart,* for appellee City of Grand Rapids.

*Knappen, Uhl & Bryant,* for appellees F. Raniville Company and others.

---

[1] For opinion on rehearing, see 251 Mich. 336.

On the question of discontinuance or vacation of highway by acts of public authorities, see annotation in 26 L. R. A. 821.

*Norris, McPherson, Harrington & Waer,* for appellee Pantlind Hotel Company.

*Oscar E. Waer,* for appellee Mark Norris.

*Laurence W. Smith,* for appellee A. E. Kusterer & Company.

WIEST, J.  Asserting ownership of the property on both sides of Lyons street from Campau avenue to the Grand river in the city of Grand Rapids, and invoking the provisions of Act No. 6, Pub. Acts 1926, Extra Session, Gustave A. Hendricks petitioned the Kent circuit court to vacate that part of the street. Before the petition was heard the Grand Rapids city commission took action, at least tentatively, against vacating the street, and the city attorney and others interested appeared in opposition to vacating the street.  The circuit court held that the subject-matter was within the legislative jurisdiction of the city and the court had no jurisdiction to review the refusal of the city commission or order the vacation. Plaintiff reviews by writ of certiorari.  The city, in opposition to the petition, invoked that part of section 28, art. 8, of the Constitution of Michigan, which provides:

"The right of all cities, villages and townships to the reasonable control of their streets, alleys and public places is hereby reserved to said cities, villages and townships,"

—and claimed that the control and discretion there vested is not open to judicial review, and asserted that the vacation "would be detrimental and injurious to the public interests and to the citizens of Grand Rapids."  Other parties, owners of property in the vicinity, and interested, directly or inciden-

tally; also opposed the petition. The right of the city and the F. Raniville Company to appear was conceded, but the petitioner objected to the appearance of others.

Inasmuch as the legal questions appear in the opposition interposed by the city and the F. Raniville Company, we will not rule upon the appearance of others.

Plaintiff relies upon the following provision of Act No. 6, Pub. Acts 1926, Extra Session:

"If such petition (for vacation) is signed by at least two-thirds of the owners of lands and premises in such town or village or part thereof proposed to be vacated or altered and who also own collectively at least two-thirds by area of the lands and premises therein, the court shall, if all such proceedings are regular, order that such town or village or part thereof be vacated or altered as prayed in said petition."

Passing the provision of the Constitution, reserving to cities reasonable control of their streets and municipal legislative discretion and power, and not considering judicial power to review and annul municipal legislative discretion, and power, and stating the question baldly, must the court, upon application of a person owning the property on both sides of a city block, vacate the street? We had occasion in *Re Petition of Hawkins,* 244 Mich. 681, decided after the case at bar was heard, to consider the mentioned act and to answer the question in the negative, and there foreshadowed what we now hold. The act of 1926, if applicable to vacation of a part of or all of a street in a city, violates section 28, art. 8, of the Constitution of Michigan, and to such extent is void. This but sends us to the statute before such void amendment. *Spry Lumber Co.* v.

*Trust Co.,* 77 Mich. 199; *People* v. *Smith,* 246 Mich. 393. The old statute is 1 Comp. Laws 1915, § 3355, and is found in a chapter relative to "the recording of town plats, and for vacating the same in certain cases." The Constitution of 1908, however, enunciated a new principle upon the subject; not wholly abrogating the old law but reserving to cities, townships, and villages reasonable control of their streets.

If a court, upon application of a party, may vacate a street in a city contrary to the reasonable objection of the municipal authority, then the mentioned reservation in the Constitution is meaningless. If the city refuses to vacate the street the action, if reasonable and in the exercise of sound discretion, is final and not subject to court review. We have held such to be the rule in case a city authorizes the vacation of a street. *Tomazewski* v. *Palmer Bee Co.,* 223 Mich. 565. There we reviewed vacation of a part of a street by municipal authority and we said:

"Under the statute the council of the village of Hamtramck had power to vacate the streets and alleys in question, and whether such streets and alleys should be vacated or kept open was wholly a matter of expediency, and this was a question for the council and not for the courts to decide. *Glasgow* v. *City of St. Louis,* 107 Mo. 198 (17 S. W. 743). In the absence of clear abuse of discretion or fraud the courts may not review the action of the council determining the necessity of vacating streets."

See, also, *In re Spears,* 227 Mich. 525; *Phelps* v. *Stott Realty Co.,* 233 Mich. 486.

The court, since the Constitution of 1908, has no plenary power to vacate city streets, but only power of review of municipal discretion, in case of alleged

abuse thereof or of fraud, and the petition to the court must aver the abuse or the fraud. The instant petition contained no such averments and the proofs did not show an abuse of discretion or fraud.

The order in the circuit court, dismissing the petition, was without prejudice to the prosecution of a pending case brought by plaintiff herein against the city of Grand Rapids to quiet title to some of the land here involved.

The order in the circuit court is affirmed, with costs against plaintiff.

North, C. J., and Fead, Clark, McDonald, Potter, and Sharpe, JJ., concurred. The late Justice Fellows took no part in this decision.