## *In re* PETITION OF UPJOHN.

1. MUNICIPAL CORPORATIONS — VACATING PORTION OF PLAT — EVIDENCE—HIGHWAYS AND STREETS.

In proceedings under 3 Comp. Laws 1929, § 13198 *et seq.*, to vacate portion of plat in township, objectors, who claim rights in driveways sought to be closed, may claim no rights under deeds running to others who are not objecting.

2. EVIDENCE—FAILURE TO PRODUCE EVIDENCE WITHIN PARTY'S CONTROL—PRESUMPTIONS.

Failure to produce evidence within party's control raises presumption that, if produced, it would operate against him; every intendment being in favor of opposite party.

3. MUNICIPAL CORPORATIONS—VACATING PORTION OF PLAT—STATUTES.

Petition to vacate portion of plat in township was properly granted, where proceedings were regular and in conformity with 3 Comp. Laws 1929, § 13198 *et seq.*, and objectors thereto failed to show any reasonable objection.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted October 14, 1931. (Docket No. 116, Calendar No. 35,712.) Decided December 8, 1931.

Petition by James T. Upjohn and others to vacate a portion of a plat in a township. Objections were made by William L. Crabill and another. Decree for plaintiffs. Defendants appeal. Affirmed.

*G. L. Stewart* and *N. A. Cobb,* for appellants.

*Jackson, Fitzgerald & Dalm* (*H. C. Howard,* of counsel), for appellees.

BUTZEL, C. J.   In 1894, Dr. James T. Upjohn, petitioner, subdivided and platted property on the shore of Gull lake, Kalamazoo county, under the name of "Plat of Idlewild." Appellants William L. Crabill and Earl S. Elliott purchased and own lots in this subdivision. At the time the property was platted, Dr. Upjohn did not own any of the adjoining land, but subsequently acquired adjacent property on both the east and west sides of Idlewild. In 1900, he platted the "First addition to the plat of Idlewild," and in 1905, the "Second addition to the .plat of Idlewild." Dr. Upjohn and a number of other owners of lots in the "Second addition to the plat of Idlewild" petitioned the circuit court for the county of Kalamazoo for a vacation of a portion of the plat of the second addition. The proceedings appear regular in form and conform with Act No. 172, Pub. Acts 1929 (3 Comp. Laws 1929, § 13198 et seq.). The petition contains the indorsement and approval of the owners of over 70 per cent. of all of the lots in the second addition to Idlewild and of the owners of all lots abutting the driveways sought to be closed. One hundred fifty-two of the 174 owners of lots in Idlewild and the two additions thereto either signed or consented in writing to the original petition. Notice of the proceedings was duly served upon the supervisor, he being the presiding officer of the township in which the property is located.

Appellants have appealed from the decree of vacation. They claim rights in the driveways sought to be closed in the "Second addition to the plat of Idlewild." To substantiate their claims, they introduced a deed to property not owned by them but running to a party not appearing as an objector. In this deed, the grantee of a lot in the original Idlewild subdivision is given rights to the use of drive-

ways over Idlewild and additions thereto as shown in present or future recorded plats thereof. Appellants did not see fit to introduce the deeds to their own lots, and as it was shown that all deeds did not contain grants to rights of driveways in additional subdivisions, appellants can claim no such rights to themselves under deeds running to other owners.

"Failure to produce evidence within a party's control raises the presumption that, if produced, it would operate against him; and every intendment will be in favor of the opposite party." *Brandt* v. *C. F. Smith & Co.*, 242 Mich. 217, 222.

Crabill limited his objections to the closing of South street, a driveway that at no time has been opened, is difficult to locate, and has been, and still is, used as part of the fairway of the golf club. He was willing to waive his objection provided other property in the original plat of Idlewild was vacated. Elliott based his objections on some hearsay evidence which made him fearful that his present means of ingress and egress through driveways that have been used for years might be later shut off, and in that event he would be deprived of the use of the driveway sought to be closed. It was shown that his apprehension was not justified. The appellants failed to show any reasonable objections to the vacation. They claimed that in *Re Petition of Hendricks,* 248 Mich. 124, Act No. 6, Pub. Acts 1926, is unconstitutional. The act to which Act No. 6, *supra,* is amendatory was expressly repealed by Act No. 172, Pub. Acts 1929 (3 Comp. Laws 1929, § 13277), under which the present proceedings are brought. *In re Petition of Hendricks, supra,* was again affirmed in 251 Mich. 336, but it was held that where a petition to vacate was not filed with the village or city authority, an original proceeding to vacate may be

begun by petition in the circuit court. The validity of a somewhat similar proceeding was upheld in *Re Oakes*, 249 Mich. 494.

The order of vacation is affirmed, with costs to appellees.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.