MOORMAN *v.* STATE HEALTH COMMISSIONER.

1. HEALTH—TRAILER COACH—TAXATION—REGULATION.

    Statute providing for taxation of occupied trailer coaches located outside of licensed trailer parks was intended to apply to less than 3 trailers on a lot or tract of land not regulated by the "trailer coach park act of 1959," which latter act specifically required an annual license by the owner of land under the control of any person upon which 3 or more occupied trailer coaches are harbored (PA 1958, No 172; PA 1959, No 243, as amended by PA 1963, No 161).

2. SAME—TRAILER COACH PARK—REGULATION—STATUTES.

    The purpose of the trailer coach park act of 1959 is to take over the entire field of regulation and supervision of trailer coach parks in the State (PA 1959, No 243, as amended by PA 1963, No 161).

3. SAME—TRAILER COACH PARK—CONTROL.

    *Control,* as the term is used in the trailer coach park act of 1959, has no legal or technical meaning distinct from that given in its popular acceptation such as to manage, to keep under check, to govern, or to restrain (PA 1959, No 243, § 2, as amended by PA 1963, No 161).

4. SAME—HOUSE TRAILERS—CONTROL OF PREMISES.

    Owners of land who leased 19 sites on their tract for occupancy by house trailers under written leases terminable upon 10 days' notice did not thereby relinquish *control* of such areas, as the term is used in the trailer coach park act of 1959, since they

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur, Taxation § 416 (supp).

    Taxation, as real estate, of trailers or mobile homes.  86 ALR2d 277.

[2, 5, 7, 8] 37 Am Jur, Municipal Corporations § 309.

[3, 5, 8] 50 Am Jur, Statutes § 235.

[4] 32 Am Jur, Landlord and Tenant § 195.

[6] 16 Am Jur 2d, Constitutional Law § 274.

[9] 5 Am Jur 2d, Appeal and Error § 1009.

limited the use for which the premises could be occupied, had control of the means of ingress and egress, and had reserved the right to terminate the lease, hence, were subject to licensure under the act (PA 1959, No 243, § 2, as amended by PA 1963, No 161).

5. SAME—TRAILER COACH PARK—ADJOINING TOWNSHIPS.

Fact that plaintiffs' tract of land was in 2 different adjoining townships would not relieve them from being subject to trailer coach park act of 1959 in each township, where all of the land is contiguous and used by them to carry on their lakeside resort business (PA 1959, No 243, as amended by PA 1963, No 161).

6. CONSTITUTIONAL LAW—POLICE POWER—REGULATION OF BUSINESS AFFECTED WITH PUBLIC INTEREST.

The State has power, under the police power, to regulate businesses affected with a public interest, where the regulation may reasonably promote the public welfare.

7. HEALTH—REGULATION OF TRAILER COACH PARK.

The occupation of operating a trailer coach park is an enterprise peculiarly affecting the public interest, since there is a direct relation between such businesses and the public health, safety, or morals (PA 1959, No 243, as amended by PA 1963, No 161).

8. SAME—TRAILER COACH PARK.

Owners of land who used it to park 19 occupied trailer coaches *held,* subject to trailer coach park act of 1959, as amended (PA 1959, No 243, as amended by PA 1963, No 161).

9. COSTS—CONSTRUCTION OF STATUTES—DECLARATORY JUDGMENT— TRAILER COACH PARK.

No costs are allowed in action for declaratory judgment by owners of land who used it to park 19 occupied trailer coaches, where construction of statutes is involved (PA 1958, No 172; PA 1959, No 243, as amended by PA 1963, No 161).

Appeal from Mecosta; Van Domelen (Harold), J. Submitted Division 3 December 7, 1965, at Grand Rapids. (Docket No. 523.) Decided March 9, 1966.

Complaint by George Moorman and Virginia Moorman against the State Health Commissioner of the State of Michigan for a judgment declaring

that land of plaintiff, used as a trailer site by their renters, comes under PA 1958, No 172 and not under PA 1959, No 243. Judgment entered declaring that PA 1959, No 243 is applicable to plaintiffs' property. Plaintiffs appeal. Affirmed.

*Robert L. Miles,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Nicholas V. Olds* and *Curtis G. Beck,* Assistant Attorneys General, for defendant.

HOLBROOK, J. Plaintiffs, owners of land used for trailer sites by their renters, brought action for a declaratory judgment,[1] protecting plaintiffs from threatened prosecution under the "trailer coach park act of 1959,"[2] and declaratory that plaintiffs have fully complied with the statute applicable to them, *viz.*, PA 1958, No 172.[3] From declaratory judgment contrary to their contentions, plaintiffs-appellants appeal.

The facts in the case were stipulated by the parties to be contained in the pleadings and exhibits attached thereto. They appear to be as follows:

Plaintiffs are purchasers by land contract of property on Tubbs lake, Mecosta county, Michigan, comprising the land involved in this action, and in their complaint state "which said property is resort property and *owned, occupied and operated as such by the plaintiffs.*" (Emphasis supplied.)

Plaintiffs, in writing, rented to other parties 19 plots of their land for the purpose of parking house

---

[1] GCR 1963, 521.

[2] PA 1959, No 243, as last amended by PA 1963, No 161 (see CLS 1961, § 125.1001 *et seq.* [Stat Ann 1961 Rev and Stat Ann 1963 Cum Supp § 5.278 (31) *et seq.*]).

[3] CLS 1961, § 125.741 *et seq.* (Stat Ann 1961 Rev § 5.278 [21] *et seq.*).

trailers thereon. They provided no facilities such as water, sewer, or common facilities such as bathhouse or washing areas. The lease rental agreements each covered a small plot of land described therein "to be used by second party for the purpose of parking one trailer and one boat thereon for the period of —— months."

Restrictions were placed therein concerning the manner of use of the said property and a requirement that the renter comply with PA 1958, No 172, and do no act that might cause the public authorities to determine that a trailer camp is established on the described and adjacent premises. The lease provided that the use and occupancy of the described plot may be terminated upon 10 days' oral or written notice by plaintiffs.

Appellants claim that the use of their property in the foregoing manner does not constitute a "trailer coach park" as defined in the "trailer coach park act of 1959," but is subject to PA 1958, No 172 (CLS 1961, § 125.741 *et seq.* [Stat Ann 1961 Rev § 5.278(21) *et seq.*]).

Three questions are presented for review on this appeal:

(1) Is the land owned by plaintiffs and used for parking of 19 trailer coaches on individual lots defined for that purpose subject to the superintending powers and licensing authority of the State health commissioner as provided by PA 1959, No 243?

(2) Does PA 1958, No 172, provide appellants with an option as to whether they need comply with the "trailer coach park act of 1959"?

(3) Does the execution of "lease or rental agreements" by appellants for the parking of individual trailer coaches on their land, relieve appellants of their responsibility of complying with the "trailer coach park act of 1959"?

The pertinent provisions of the "trailer coach park act of 1959"[4] are as follows:

TITLE: "An act to define, license and regulate trailer coach parks; to prescribe the powers and duties of the State health commissioner and other State and local officers; to provide for the levy and collection of specific taxes on occupied trailers in trailer coach parks and the disposition of the revenues therefrom; to provide remedies and penalties for the violation of this act; and to repeal certain acts and parts of acts.   *   *   *

"Sec. 2.  As used in this act:   *   *   *

"(d) 'Trailer coach park' or 'park' means any parcel or tract of land under the control of any person, upon which 3 or more occupied trailer coaches are harbored, or which is offered to the public for that purpose, regardless of whether a charge is made therefor, together with any building, structure, enclosure, street, equipment or facility used or intended for use incident to the harboring or occupancy of trailer coaches; except as provided by section 91 of this act.   *   *   *

"(g) 'Site' means the portion of the trailer coach park set aside and clearly marked and designated for occupancy by an individual trailer coach.   *   *   *

"Sec. 21.  No person shall maintain, conduct or operate a trailer coach park within this State without an annual license therefor from the commissioner.  If an operator of a trailer coach park has made a proper application for a renewal of his license not less than 15 days prior to the expiration date of an existing license, it shall continue until a new license has been issued or the application therefor shall have been denied, according to provisions of section 34 of this act.   *   *   *

"Sec. 23.   *   *   *   If any applicant for a trailer coach park license desires to operate the trailer coach park only during the months from May 1

4 PA 1959, No 243, as last amended by PA 1963, No 161 (see CLS 1961, § 125.1001 et seq. [Stat Ann 1961 Rev and 1963 Cum Supp § 5.278 (31) et seq]).

to October 1, he shall pay only 1/2 the annual license fee, but shall pay the monthly license fees for these months of operation as provided in section 41 of this act."

The pertinent provisions of the statute plaintiffs claim to be an alternative to the "trailer coach park act of 1959" and which they elect to come under PA 1958, No 172 (CLS 1961, § 125.741 *et seq.* [Stat Ann 1961 Rev § 5.278(21) *et seq.*]), are as follows:

TITLE: "An act to provide for the payment, collection and disposition of yearly taxes on occupied trailer coaches located outside of licensed trailer parks; and to provide for permits and sanitary regulations of trailers harbored outside of licensed trailer parks."

"Sec. 1. No person shall use or permit the use of any trailer coach as a residence on any site, lot, field or tract of land not specifically licensed as a trailer coach park for more than 15 days except by written permit as hereinafter provided."

This act is applicable only to trailer coaches not located in licensed parks, and was intended to apply to less than three trailers on a lot or tract of land not regulated by the "trailer coach park act of 1959."

A person owning land used for parking of trailer coaches and subject to the "trailer coach park act of 1959" is specifically excluded from the operation of PA 1958, No 172. This is true because the "trailer coach park act of 1959" by its terms repealed[5] and took the place of the "trailer coach park act" of 1939,[6] and the Supreme Court construed the purpose of that act in the case of *Richards* v. *City of Pontiac* (1943), 305 Mich 666, wherein Mr. Justice SHARPE stated on pp 671, 672 as follows:

---

[5] See CLS 1961, § 125.1097 (Stat Ann 1961 Rev § 5.278[127]).
[6] PA 1939, No 143, as amended (CL 1948 and CLS 1956, § 125.751 *et seq.* [Stat Ann 1957 Cum Supp § 5.278(1) *et seq.*]).

"The purpose of this act as amended was the regulation of house trailer camps in all parts of Michigan. * * *

"Its intent and purpose is to take over the entire field of regulation and supervision of trailer parks in the State."

We adopt this language as applicable to the intent and purpose of the "trailer coach park act of 1959." In determining whether plaintiffs are subject to the "trailer coach park act of 1959," we must apply the tests of the act as contained in the definition of a "trailer coach park;" *i.e.,* "any parcel or tract of land under the control of any person, upon which 3 or more occupied trailer coaches are harbored."[7] Obviously, 19 trailer coaches are sufficient in number, and the land used for this purpose is a single tract as represented in plaintiffs' complaint. The only remaining test to apply is that of *control.*

In 13 CJ, Control, p 837, we find therein stated:

"Control. As a noun, the word has no legal or technical meaning distinct from that given in its popular acceptation."

We find this term defined by our Supreme Court in the case of *In re Petition of Hendricks to Vacate Street* (1930), 251 Mich 336, at pp 343, 344 as follows:

"There are a number of cases cited in Words and Phrases (First Series) in which the word 'control' is defined. 'The words "control" and "manage" are synonymous.' 'To keep under check, to govern, to restrain.' 'To exercise a directing, restraining, or governing influence over.'"

It is difficult to visualize how any owner of a trailer coach park could operate such a business

---

[7] PA 1959, No 243, § 2 (CLS 1961, § 125.1002), as amended by PA 1963, No 161 (Stat Ann 1963 Cum Supp § 5.278[32]).—REPORTER.

without rental arrangements either oral or written, with those who use his land for this purpose. Plaintiffs claim they have leased the land and therefore, have relinquished control of the same. This is not tenable as they control the use of the land in the agreement for the purpose of housing a single trailer on a single tract, and further, they control the streets (ways of ingress and egress) and the lake front privileges used in connection therewith. They also reserve the right in their rental agreements to terminate the use and occupancy rights of the renters.

The plaintiffs have not, under the facts in this case, completely relinquished their power or authority over the land used by the renters and have retained all control over the accompanying facilities.

We rule that plaintiffs retained control of said property under the lease arrangements present in this case.

Plaintiffs' land is situated in two townships. The land being used for purposes of parking trailer coaches, the subject of this action, lies next to land that plaintiffs propose to build a "trailer coach park" under the "trailer coach park act of 1959." They proceeded, without a permit, to build a facility affording central bath, washroom and also sanitary accommodations. This facility was placed in close proximity to the area used presently by the trailer coaches. Plaintiffs' position in this regard is that they may proceed with their plans because their proposed "trailer coach park" lies in another township, and their present setup is not subject to the "trailer coach park act of 1959."

This is not tenable because plaintiffs' land is one tract or parcel notwithstanding the fact that it lies in two townships. All of said land is contiguous and all used by the plaintiffs to carry on their resort business.

Plaintiffs' final claim is that to apply the "trailer coach park act of 1959" to the land of plaintiffs used by the 19 house trailers would in effect transgress constitutionally protected property rights created in the lessees under the rental and lease agreements.

In 22 ALR2d 774, Maintenance or regulation by public authorities of tourist or trailer camps, motor courts, or motels, § 4, pp 780, 781, we find stated the general rule concerning constitutionality of statutes regulating trailer courts and parks as follows:

"It is a universally accepted principle that the State has the power to regulate businesses affected with a public interest. Such power of regulation is generally referred to as the police power, and in earliest times was attributed to the theory that persons engaged in such businesses were in the exercise of public franchises or special privileges not given to others not so employed, and that this imposed a trust and public duty which the government could protect from abuse. In the development of the doctrine to its present concept, it appears that the requirement that the business must have a monopolistic character to justify regulation is no longer adhered to, but that a business may be found affected with a public interest when its regulation, for adequate reason, promotes the public welfare.

"In the application of this principle to governmental regulations imposed upon the operation of *tourist or trailer camps,* motor courts or motels, there has been universal recognition that persons engaged in the above occupations are engaged in enterprises *which peculiarly affect the public interest, since there is a direct relation between such businesses and the public health, safety, or morals."* (Emphasis supplied.)

A Michigan case is cited as authority for this rule, *Cady* v. *City of Detroit* (1939), 289 Mich 499 (appeal dismissed 309 US 620 [60 S Ct 470, 84 L ed 984]).

We conclude that the "trailer coach park act of

1959" is constitutional and that the plaintiffs use of their land to park 19 trailer coaches is subject to said act.

Declaratory judgment affirmed.  No costs, the construction of statutes being involved.

FITZGERALD, P. J., and T. G. KAVANAGH, J., concurred.