FYE *v* BOUMA

1. ZONING—TRAILER COACH PARKS—STATUTES—PREEMPTION.

The Trailer Coach Park Act of 1959 precludes a township from imposing by ordinance higher standards regarding trailer spacing; the Trailer Coach Park Act is preemptive and exclusive and does not merely establish minimum standards (MCLA 125.1001 *et seq.*).

2. ZONING—TRAILER COACH PARKS—STATUTES—PREEMPTION.

Summary judgment was properly granted to a defendant whose trailer coach park plans provided for spacing between trailers in excess of the minimum requirements of the Trailer Coach Park Act of 1959, even though defendant's plans did not satisfy a township ordinance which imposed greater spacing

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Zoning § 63.

Maintenance or regulation by public authorities of tourist or trailer camps, motor courts, or motels. 22 ALR2d 774.

requirements than the act because the Trailer Coach Park Act is preemptive and exclusive (MCLA 125.1001 *et seq.*).

Appeal from Allegan, Wendell A. Miles, J. Submitted Division 3 January 5, 1972, at Grand Rapids. (Docket No. 11502.) Decided February 25, 1972. Leave to appeal denied, 388 Mich 759.

Complaint by Wilbur G. Fye, Jr., Dennis Noel, Richard MacNamara, and William Duthler against John Bouma to enjoin establishment of a trailer coach park. Summary judgment for defendant. Plaintiffs appeal. Affirmed.

*Rhoades, McKee & Boer,* for plaintiffs.

*VanderVeen, Freihofer & Cook* (by *Walter B. Freihofer* and *Fred N. Searl*), for defendants.

Before: FITZGERALD, P. J., and R. B. BURNS and TARGONSKI,* JJ.

FITZGERALD, P. J.   This is a zoning case involving defendant's proposal to establish a year-round trailer coach park on Green Lake, in Allegan County, adjacent to a small seasonal trailer coach park which he operates. The seven-acre tract to be thus utilized is zoned to permit trailer coach parks. Defendant was granted permission by the Leighton Township Board to construct the proposed park. The proposal provided for 61 trailer coach sites laid out so as to provide 15 to 30 feet of distance between trailers.

On May 11, 1970, plaintiffs, owners of property on Green Lake, commenced suit, seeking to enjoin the proposed development. They alleged violations of

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the Trailer Coach Park Act of 1959, the zoning ordinances of Leighton Township, and public nuisance. The trial court issued a temporary restraining order.

Defendant responded by motion for summary judgment. Plaintiffs likewise moved for summary judgment. After oral argument, the trial court rendered its opinion granting defendant's motion for summary judgment and dissolving the temporary restraining order.

Plaintiffs having moved for rehearing, the trial court entered a second opinion, reiterating the holdings in the first opinion and ordering summary judgment for defendant. Plaintiffs bring this appeal as of right, contending the trial court erred in failing to apply § XIV, paragraph 10, of the Leighton Township zoning ordinance to the instant case.

On appeal, plaintiffs contend that defendant's proposed development is in direct contravention of § XIV, paragraph 10, of the Leighton Township zoning ordinance, which provides:

"(a) All buildings occupying four-hundred (400) or more square feet of ground area shall be located not less than fifty feet (50′) from the next adjoining building occupying four-hundred (400) square feet or more of ground area.

"(b) In all instances, all smaller buildings and structures shall be so spaced, one from the other and from larger buildings, as to lessen fire hazard and to promote efficiency in extinguishing fires."

They simultaneously contend that the above quoted provision is not in conflict with § V, paragraph 13(d). Section V, paragraph 13(d), of the Leighton Township zoning ordinance provides:

"No trailer coach or housetrailer shall at any time, either when being occupied or not, be parked between the established setback line and the front line of any lot or parcel of land; *nor shall such coach be*

*used or occupied unless there is a clear unoccupied space of at least ten feet (10') on all sides thereof."* (Emphasis added.)

Defendant argues that, properly construed, § XIV, paragraph 10, *supra,* is not applicable to trailer coach parks.

Complete resolution of this issue requires close scrutiny. Defendant's argument, adopted by the trial court, that § V, paragraph 13, is a specific provision which overrides the general provisions of § XIV, paragraph 10, is not correct as applied in the instant case.

Upon a full reading of § V, paragraph 13, we find at the beginning:

"Automobile trailer coaches: (a) *Trailer coaches or housetrailers shall not be used* and occupied in the Township as a permanent dwelling; nor as a temporary dwelling *except as hereinafter provided, outside of licensed trailer coach parks.*" (Emphasis added.)

It is thus clear that this section and paragraph, with its ten subparagraphs, deals with the use of trailer coaches or housetrailers *outside of licensed trailer coach parks.* It has no application to the defendant's proposed trailer coach park.

It would seem to follow then that plaintiffs are correct that, as between the two provisions of the township ordinance, only § XIV, paragraph 10, is applicable; however, as will be discussed hereinafter, this ordinance appears to be in conflict with state law.

The question we consider, then, is whether the Trailer Coach Park Act of 1959 precludes the imposition of stricter spacing requirements by the Leighton Township zoning ordinance.

The Trailer Coach Park Act, 1959 PA 243, MCLA 125.1001 *et seq.;* MSA 5.278(31) *et seq.,* provided in § 53 thereof, at the time of the commencement of this action, as follows:

"Trailer coaches shall not be permitted to occupy single or full multiple sites if the trailer coaches are either longer or wider than would permit compliance with the following requirements:

"(a) The boundaries of the sites shall be clearly and permanently designated according to the dimensions and locations shown on the approved plot plan.

"(b) Space between trailers may be used for the parking of motor vehicles if the space is clearly designated and the vehicle is parked at least 10 feet from the nearest adjacent site boundary.

"(c) There shall be unobstructed open spaces of at least 10 feet between the sides or end and sides of adjacent trailer coaches for the full length of the coaches, and at least 3 feet of unobstructed open space between the ends of adjacent trailer coaches. Hitches shall not extend beyond the boundary lines of the sites.

"(d) Trailer coaches shall not be parked less than 10 feet from a public street or alley, nor less than 3 feet from the boundary of any trailer coach park if the abutting property is improved property." MCLA 125.1053; MSA 5.278(83).[1]

The act further provides in § 16, MCLA 125.1016; MSA 5.278(46):

"Nothing in this act nor any act of the commissioner shall relieve the applicant for a permit to construct a trailer coach park or relieve the person owning or operating an existing park from responsibility for securing any building permits or complying with all applicable codes, regulations or ordinances not in conflict with this act. Compliance with an ap-

---

[1] Section 53 of the act has subsequently been amended by 1970 PA 172.

proved plan shall not authorize the person constructing or operating a trailer coach park to create or maintain a nuisance or a hazard to health or safety."

Defendant has argued that the establishment in the Trailer Coach Park Act of 1959 of boundary requirements signifies the preemption by the state of this area of regulation. He further contends that any conflicting ordinance must fail as void. However, specific authority has been granted to townships in the Township Rural Zoning Act (MCLA 125.271 *et seq.;* MSA 5.2963[1] *et seq.*) to regulate trailer coaches:

"For each such district, provisions may also be adopted designating or limiting the location, the height, number of stories, and size of dwellings, buildings and structures that may hereafter be erected or altered *including tents and trailer coaches,* and the specific uses for which dwellings, buildings and structures *including tents and trailer coaches* may hereafter be erected or altered; the area of yards, courts, and other open spaces, and the sanitary, safety and protective measures that shall be required for such dwellings, buildings and structures, *including tents and trailer coaches;* and the maximum number of families which may be housed in buildings, dwellings and structures *including tents and trailer coaches* hereafter erected or altered." MCLA 125.271; MSA 5.2963(1). (Emphasis added.)

As the trial court observed, to conclude that the Trailer Coach Park Act preempts the regulation of trailer coaches is to draw it into direct conflict with the Township Rural Zoning Act. This result is to be avoided wherever possible.

The trial court consequently determined that the Trailer Coach Park Act of 1959 does not preclude a township from imposing by ordinance higher standards regarding trailer spacing in the interests

of public safety, morals, or general welfare. Thus, the trial court concluded, the Trailer Coach Park Act of 1959 is not preemptive and exclusive but rather merely establishes minimum standards.

This conclusion appears to be clearly erroneous. The Michigan Supreme Court, in *Richards* v *Pontiac*, 305 Mich 666 (1943), considered the predecessor of the Trailer Coach Park Act of 1959 stating that the purpose of that act was the regulation of house-trailer camps in all parts of Michigan. The Court said at p 672:

"Its intent and purpose is to take over the entire field of regulation and supervision of trailer parks in the State."

See, also, *Moorman* v *State Health Commissioner*, 2 Mich App 446 (1966).

The record reveals that, in the instant case, defendant's proposed trailer coach park plans provide for spacing between trailers in excess of the minimum requirements set forth in § 53 of the Trailer Coach Park Act of 1959. The plans for the proposed park are therefore in conformity with the act.

Section XIV, paragraph 10, of the township zoning ordinance, if construed so as to apply to trailer coach parks, imposes spacing requirements greater than those imposed by the Trailer Coach Park Act of 1959. However, that act, with its specific provisions, controls over the township ordinance.

Plaintiffs having shown no reversible error, the judgment entered below is affirmed. No costs, a public question.

All concurred.