PEOPLE *v.* ROSE.

1. CRIMINAL LAW—PHYSICIANS AND SURGEONS—ILLEGALLY PRACTICING AS A CHIROPRACTOR—INFORMATION—DUPLICITY—AMENDMENT.

In a prosecution for violating the provisions of Act No. 237, Pub. Acts 1899, as amended, by engaging as a chiropractor in treating human ailments and diseases without having filed a certificate of registration or copy thereof with the county clerk, as required, it was not error for the trial court to deny defendant's motion to quash the information for duplicity, where the prosecutor, after being required to elect, moved to amend, and the court ordered the information. so amended and struck out what then became surplusage.

2. SAME—ORIGINAL STATUTE UNAFFECTED BY VOID AMENDMENT.

Even if Act No. 368, Pub. Acts 1913, amending Act No. 237, Pub. Acts 1899, is unconstitutional because in authorizing the State medical examining board to grant certificates of registration to those applying it is unreasonable, arbitrary, and discriminatory, defendant may still stand convicted of violating the provisions of said original act in practicing as a drugless healer for hire and reward without having filed a certificate of registration with the clerk of the county where he resides as required by said act.

3. SAME—MERITS OF SYSTEM OF HEALING QUESTION FOR LEGISLATURE.

The question of the merits of a system of healing pursued for profit is for the legislative body which enacts the laws regulating its practice, and not for the courts.

4. SAME—UNCONTRADICTED FACTS PRESENTED QUESTION OF LAW—CONSTRUCTION FOR COURT.

Where the testimony of uncontradicted witnesses showed that defendant admitted he was not registered as a chiropractor, that he had not filed a certificate of registration with the clerk of the county in which he resided and that during the period alleged he had treated various affected

On application of statutes regulating the practice of medicine to persons giving special kinds of treatment, see notes in 33 L. R. A. (N. S.) 179; L. R. A. 1917C, 823.

persons for hire, the trial court was not in error in instructing the jury that it was their duty to find defendant guilty as charged, since the undisputed facts presented a question of law for the court which was rightly construed.

Exceptions before judgment from Wexford; Lamb (Fred S.), J.    Submitted April 14, 1922.    (Docket No. 130.)    Decided June 5, 1922.

Arthur L. Rose was convicted of engaging as a chiropractor without filing a certificate of registration. Affirmed.

*A. W. Penny* (*Morris, Winter, Esch & Holmes,* of counsel), for appellant.

*W. H. Yearnd,* Prosecuting Attorney, for the people.

STEERE, J.    Defendant was tried and convicted in Wexford county circuit court of violating the provisions of Act No. 237, Pub. Acts 1899, as amended and supplemented by later legislation, by engaging as a chiropractor in treating human ailments and diseases, at the city of Cadillac in said county, on July 1, 1920, and at divers times between that day and February 20, 1921, without having filed a certificate of registration, or copy thereof, with the clerk of the county in which he resided, as the act requires.    When arraigned the defendant stood mute and a plea of not guilty was entered by order of the court in his behalf.    His counsel then moved to quash the information on various grounds which was denied.    At conclusion of the proofs the court refused his counsel's request for a directed verdict of not guilty, and instructed the jury that under the undisputed evidence it was their duty to find defendant guilty.    Upon the trial the prosecution proved without dispute that defendant resided in Cadillac where he maintained an office and

there as a chiropractor treated for pay, by that system of drugless therapeutics, various patients during the time charged without having filed any certificate of registration authorizing him to practice, or copy thereof, with the clerk of Wexford county in which he resided, and when interrogated on the subject said that he was not registered to practice as a chiropractor under the statute and there was no provision made whereby he could be.

Defendant did not take the stand as a witness in his own behalf but produced witnesses who testified to his good character, that he was a graduate of the Palmer Chiropractic school of Davenport, Iowa, and that the adjustments and treatments by manipulation according to the methods of that system of therapeutics administered by him to certain witnesses while practicing in Cadillac had benefited them.

The case is here on exceptions before sentence. Defendant's assignments of error are directed against the refusal of the court to quash the information, to direct a verdict of not guilty, charging the jury to render a verdict of guilty and, underlying the entire proceeding, "holding that the section of the statute upon which the prosecution is planted is valid and constitutional, and not arbitrary and discriminatory."

Following introductory matter the single count of the information reads as follows:

—"that Arthur L. Rose, a chiropractor late of the city of Cadillac of the county of Wexford, on the first day of July nineteen hundred and twenty and on divers days and times between said day and the 22d day of February, A. D. 1921, at the city of Cadillac and in the county aforesaid, did then and there wilfully and illegally advertise and hold himself out to the public as being able to treat, cure and alleviate human ailments and diseases without the use of drugs, or medicines internally or externally and did then and there for hire and reward, advise as to health and disease divers persons and did then and there attempt

to treat, cure and relieve human diseases, ailments, defects and complaints of physical or mental origin, by attendance, advice and manipulation divers persons without the use of drugs or medicines internally or externally and did then and there treat and attempt to cure of ailment and disease, one Ladd Rattenberry, and divers other persons then and there consulting him without the use of drugs or medicines internally or externally, he, the said Arthur L. Rose during the aforesaid time not being the lawful possessor of a certificate of registration and license issued and held in accordance with the provisions of Act No. 237 of the Public Acts of 1899 of the State of Michigan and the acts amendatory thereof and supplemental thereto, and he, the said Arthur L. Rose not having filed said certificate of registration or a certified copy thereof with the county clerk of Wexford county, said county being the place of residence of the said Arthur L. Rose. Contrary to the statute in such cases made and provided, against the peace and dignity of the people of the State of Michigan."

The only ground of defendant's motion to quash this information suggesting serious consideration was that it "is bad for duplicity because it attempts to charge two separate and distinct offenses in the same count." On argument of the motion the court suggested that the prosecution should elect, and the prosecuting attorney did so by moving to amend and "charging the respondent with practicing drugless treatment under the act and not having his certificate of registration filed with the clerk of this county." The court ordered the information so amended, striking out what then became surplusage, and confining the offense charged to failure to file a certificate of registration with the county clerk. Defendant was again arraigned under the information as amended, and, standing mute, a plea of not guilty was entered in his behalf as before. A jury was thereafter called and the case tried under the charge contained in the amended information.

As the case was tried, and the court carefully ex-

plained to the jury, the sole issue was whether within the time charged defendant had practiced his system of drugless healing without having filed a certificate of his registration with the county clerk as the law required. The election to proceed under that charge was made prior to commencement of the trial. In *People* v. *Kenyon*, 201 Mich. 647, where a like situation arose in a prosecution under the same statute, a motion to quash the information for duplicity was denied and the prosecution required to elect, but did not do so until conclusion of the people's case and no reversible error was found in the record.

Most of the grounds of unconstitutionality urged by defendant against this act were passed upon by this court in *Locke* v. *Ionia Circuit Judge*, 184 Mich. 535, and need not be again reviewed. The same law was there under consideration and the defendant charged with practicing drugless healing of like kind as in the instant case in violation of the act. Act No. 368, Pub. Acts 1913, amending Act No. 237 of 1899, authorizing examination and registration of persons having specified qualifications, and desiring to practice certain systems of drugless healing, which includes chiropractors, was involved and discussed. Counsel here particularly urge that portion of the act is unconstitutional because unreasonable, arbitrary and discriminatory in that it does not require but only authorizes the State medical examining board to grant certificates of registration to applying chiropractors and other drugless healers who comply with the specified requirements, while the act elsewhere provides that the board *shall* grant a certificate to qualify applicants from the so-called regular school of medicine, making it mandatory as to the latter but optional as to the former, and giving arbitrary power of refusal to a body composed entirely of members from a different and hostile school of healing, not versed in the

philosophy and science of the chiropractic system. Various other differences between the requirements for registration in the amendment of 1913, applying to systems of drugless healing, and those in other portions of the act, applying to regular physicians and surgeons, are urged as unreasonable, discriminatory and unconstitutional.

We are not prepared to hold that the language of the amendment gives the board of registration power to ignore the various provisions it contains on the subject of registration and arbitrarily refuse a certificate of registration to an applicant having the qualifications specified at length as entitling him thereto. No arbitrary action or refusal in fact is shown as to defendant. There is no evidence or claim that he ever made application to the board for registration. But conceding for the purposes of this case that the amendment of 1913 is unconstitutional, it yet leaves the original act of 1899 with its other amendments standing, as before the invalid amendment, with no provision authorizing registration of chiropractors, or any other persons desiring to practice a drugless system of treatment of human ailments, and defendant still stands convicted under an information charging violation of said Act No. 237 in practicing as a drugless healer for hire and reward without having filed a certificate of registration with the clerk in the county where he resides as specified in that act.

The witness called by defendant to prove he was a graduate of the Palmer school of chiropractic located at Davenport, Iowa, was also a graduate of that school and against objection by the prosecution was allowed to testify that "the practice of chiropractic is not the practice of medicine at all," and to explain the methods and merits of that system, the court saying to defendant's counsel when the objection was discussed:

"We will take the testimony, but this will eventually

result in a question of law in my judgment; but if you want to make the record, confine the question of chiropractic in the different branches and it is all right."

At conclusion of that line of testimony the prosecuting attorney renewed his objection and moved to strike it out because immaterial to the issue in the case, irrelevant and incompetent. The court thereafter struck out, as immaterial to the issue involved, "testimony on the part of the respondent bearing upon the merits of chiropractic," so advising the jury in the charge.

Counsel for defendant contend such testimony was competent and raised an issue for the jury, its legitimate purpose being to show chiropractic "is a recognized school of healing within the definition; that it is valuable to the people and cannot be injurious;" and though under its police power the State may regulate, "it cannot constitutionally forbid the following of a valuable business or the practicing of a valuable profession."

If the constitutionality of the law was triable by jury the merits of defendant's system or school of practice would not furnish the test. The question of the merits of a system of healing pursued for profit is for the legislative body which enacts the laws. This court said in the *Locke Case* upon the subject of chiropractic, which defendant was there charged with practicing in violation of this act:

"It may be all he claims for it, but it is a calling directed to the serious business of treating human ailments for the purpose of restoring the sick to health, and directly related to public health, to protect which is peculiarly within the police power of the State."

The court committed no error in instructing the jury that the material facts were undisputed and under the law, which it was for the court to construe, it was their duty to find the defendant guilty as

charged. The testimony of uncontradicted witnesses produced by the prosecution showed that defendant admitted he was not registered as a chiropractor, that he had not filed a certificate of registration with the clerk of the county in which he resided, that during the period alleged he had treated various affected persons for hire, which was corroborated by certain of his own witnesses who had been treated by him.

In this case the court did not cross the border line of respective duties as defined by this court, and imperatively command or compel a verdict. The court told the jury what facts must be proven to constitute the offense, that those facts were established by competent proof and not disputed, that the case had practically resolved itself into a question of law, and under the law as applied to the undisputed facts it was their duty to find the defendant guilty. The jury by direction of the court then retired to their jury room in the usual manner, where they were privately together to consider of their verdict to be given, and after a time returned into court and rendered their verdict.

In *People* v. *Warren,* 122 Mich. 504 (80 Am. St. Rep. 582), which was reversed because the court assumed to compel a verdict when the jury was unwilling to render a verdict of guilty in accordance with instructions by the court that such was their duty, it is said:

"The right of the trial judge to direct the jury in relation to the law of the case is not conceded in all of the courts, but, as we have already seen, that question is no longer an open one in this State. When, in addition to that right, it was held that, in cases where the facts were admitted, the trial court might direct the jury to return a verdict of guilty, the border line separating the functions of the trial judge from the province of the jury was reached."

In *People* v. *Elmer,* 109 Mich. 493, it is said:

"The offense was a misdemeanor. In such cases, when the facts are admitted or are undisputed, it is the duty of the courts to instruct juries that the facts proven constitute the offense. There was no question of fact for the jury to pass upon. The conclusion is one of law, and not of fact. Guilt follows, as a matter of law, when the facts are undisputed."

The facts here were undisputed and only a question of law as applied to the undisputed facts was involved. The trial court rightly applied the law to the facts. In *People* v. *Neumann*, 85 Mich. 98, it is held that in such case a new trial will not be granted.

The conviction is affirmed, and the case remanded for such judgment thereon as the trial court may determine.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, BIRD, SHARPE, and MOORE, JJ., concurred.