PEOPLE *v.* SMITH.

1. PROSTITUTION—"PANDERER" DEFINED.
    The common understanding is that a "panderer" is one who ministers to the evil passions of others; a procurer.

2. STATUTES—LEGISLATIVE DEFINITION ACCEPTED BY COURT—IF NOT DEFINED TERM SPEAKS ORDINARY SENSE.
    The court is bound to accept a legislative definition, if indulged, even though at variance with common understanding and all lexicographers, but when the legislature employs a common term as indicative of the purpose of an enactment, without further definition or designation, the term speaks its ordinary sense.

3. SAME—PURPOSE MUST APPEAR IN ENACTMENT AS WELL AS IN TITLE.
    The legislature may re-enact or duplicate statutes and fit new names to old offenses, but the purpose to do so must appear, not only in the title but also in the enactment.

4. SAME—TITLE EXPRESSES OBJECT AND ENACTMENT MAKES LAW.
    The title to an act must express the object of the law; and the enactment itself, without resort to the title, must make the law.

5. SAME—PANDERING—CONSTITUTIONAL LAW.

Act No. 37, Pub. Acts 1927, amending former acts, which, in its
title, states the purpose to be legislation relative to pandering,
to define and prohibit pandering, and to provide punishment
therefor, but which, in its enactment, fails to define pandering
and includes offenses in no wise related to pandering, is for
this reason unconstitutional, and leaves the law as it was be-
fore its enactment.

6. CRIMINAL    LAW—PANDERING—PROSECUTION    PROCEEDS    UNDER
FORMER ACT WHERE AMENDING ACT UNCONSTITUTIONAL.

Where, in a prosecution for pandering under Act No. 37, Pub.
Acts 1927, amending Act No. 330, Pub. Acts 1925, it appears
that the amending statute is unconstitutional, the law is left
as it was before the attempted amendment, and instead of
defendant being discharged prosecution should proceed under
Act No. 330.

Error to recorder's court of Detroit; Skillman
(W. McKay), J. Submitted January 17, 1929.
(Docket No. 150, Calendar No. 33,847.) Decided
March 29, 1929.

Mamie Smith was charged with pandering. Stat-
ute (Act No. 37, Pub. Acts 1927, amending Act
No. 330, Pub. Acts 1925) was held unconstitutional
by recorder's court and defendant discharged. Peo-
ple bring error under Act No. 159, Pub. Acts 1917.
Reversed, with direction to reinstate the informa-
tion and proceed to trial under former statute.

*Chawke & Sloan,* for defendant.

*Wilber M. Brucker,* Attorney General, and *Robert
M. Toms,* Prosecuting Attorney, for the people.

WIEST, J. An information, filed in the recorder's
court of the city of Detroit, charged defendant with
inducing, persuading, and encouraging Peggy Sulli-
van to become an inmate of a house of prostitution,
with receiving money from the earnings of a prosti-
tute, and deriving support and maintenance there-

from. The recorder held the statute, under which the prosecution was laid, unconstitutional, and discharged defendant. The people review by writ of error under Act No. 159, Pub. Acts 1917, Comp. Laws Supp. 1922, § 15842 (1).

Act No. 37, Pub. Acts 1927, is an amendment of former acts, denounces specified conduct, and provides a penalty for violations. The act denounces:

(1) Procuring a female inmate for a house of prostitution; (2) inducing a female person to become a prostitute; (3) or to become an inmate of a house of prostitution; (4) taking a female person to or receiving or harboring her in a house of prostitution; (5) inducing or procuring a female to come into or leave this State for the purpose of prostitution; (6) taking or detaining a female with intent to compel her by force, threats, or duress, to marry him or another, or to be defiled; (7) under pretense of marriage taking a female for the purpose of sexual intercourse; (8) receiving or giving money or thing of value for procuring a female to become a prostitute; (9) or to come into or leave this State for the purpose of prostitution; (10) knowingly accepting money from the earnings of a prostitute; (11) one supported by a prostitute from her earnings, or loans by a keeper of a house of prostitution or assignation.

The title to the act states the purpose to be legislation relative to pandering, to define and prohibit pandering, and provide punishment therefor.

Counsel for defendant point to offenses enumerated in the statute in no wise related to pandering, and, therefore, not within the purview of the title. The prosecuting attorney, without conceding the point, makes reply that defendant is not charged with any such offense, but with clear acts of pandering, and she may not have the whole act held bad for something therein with which she is not con-

cerned. It must be conceded that the act denounces several offenses having no relation to pandering according to the commonly accepted meaning thereof.

The term "pandering" is an old one. Shakespeare in Troilus and Cressida has Pandarus say:

\* \* \* "Since I have taken such pains to bring you together, let all pitiful goers-between be called to the world's end after my name, call them all—Pandars."

Skeat, in his etymological dictionary, states: "Pander, Pandar, a pimp, \* \* \* a personal name \* \* \*." This comports with the common understanding that a panderer is one who ministers to the evil passions of others; in short, a procurer.

We do not intend to split hairs over the meaning of the term, and would feel bound to accept a legislative definition, if indulged, even though at variance with common understanding and all lexicographers, but when the legislature employs a common term as indicative of the purpose of an enactment, without further definition or designation, we must let the term speak its ordinary sense.

The conduct stated in the act, and numbered above as 6, 7, 10, and 11, are not acts of pandering. Number 6 states a crime against a person, and has been a criminal offense, covered by statute in this State, for over 70 years. See 3 Comp. Laws 1915, §§ 15213, 15214. Number 7 states a common-law crime involving fraud, fornication, or lewdness. Numbers 10 and 11 mention offenses punished for years in this State by statute. See 3 Comp. Laws 1915, § 15496. Of course, the legislature may re-enact or duplicate statutes and fit new names to old offenses, but the purpose to do so must appear, not only in the title,

but as well in the enactment. The title to the act in question (Act No. 37, Pub. Acts 1927), does not indicate the dragnet purpose indulged in in the body of the enactment, and we would shear the act to fit the title and save as much of it as possible, were it not for a more serious question we will now consider.

Nowhere in the body of the enactment is the term pandering employed, or even mentioned. In Act No. 330, Pub. Acts 1925, section 1 enumerated conduct and acts and denounced perpetrators thereof as guilty of the crime of pandering. That act, in denouncing persons violating its provisions "guilty of pandering," carried its own definition, and, as we held in *People* v. *Lockhart,* 242 Mich. 491, the definition so found in one section, covering all intended offenses, saved another section, relative to penalty only, from falling without the title. In *People* v. *Lyons,* 197 Mich. 64, section 3 of an earlier act (Act No. 63, Pub. Acts 1911, 3 Comp. Laws 1915, § 15496), relative to pandering, and covering subject-matter not denounced as pandering, was held not within the title. Act No. 37, Pub. Acts 1927, amends previous acts, but there has been left out the characterizing declaration or denouncement that such conduct constitutes pandering. So we have a title expressing the purpose of defining, prohibiting, and punishing pandering, followed by an enactment that persons committing certain mentioned acts "shall be punished by imprisonment for a term of not more than ten years." Section 1 does not even declare the conduct therein mentioned to be a felony, although the penalty makes it such, but section 3, covering acceptance of money from the earnings of a prostitute, states that crime to be a felony. As we said before, nowhere in the enactment is the term

pandering employed, although acts clearly within, and some without the evil of pandering, are denounced by prescribed punishment only. The legislature may, of course, denounce acts of pandering as felonies, and provide punishment therefor, but such an enactment would have to carry a title expressive of such purpose. Here the legislature declared an intention to define, prohibit, and punish pandering, enumerated many acts prohibited, and provided punishment for violators, but failed to denominate, define, denounce, or punish such acts as *pandering*. The result is a good title, not carried into the enactment, and a good enactment except for its title.

The mentioned fault in Act No. 37, Pub. Acts 1927, was clearly pointed out and warned against in the *Lyons Case,* and not saved by the holding in the *Lockhart Case.* The title to an act must express the object of a law, and the enactment itself, without resort to the title, must make the law. The term pandering is one of restricted meaning. It may be expanded by legislative enactment denouncing acts or conduct as pandering, but such an enactment must expressly so state. Upon this subject, and the distinguishing features of pandering, see *State* v. *Thibodeaux,* 136 La. 935 (67 South. 973); *Hewitt* v. *State,* 71 Tex. Cr. Rep. 243 (158 S. W. 1120). We must hold the amendment, attempted by Act No. 37, Pub. Acts 1927, unconstitutional, and, therefore, no amendment. This holding leaves the law as it was before the abortive attempt to amend. *Spry Lumber Co.* v. *Trust Co.,* 77 Mich. 199 (6 L. R. A. 204, 18 Am. St. Rep. 396).

Upon arraignment, defendant stood mute, and later, by motion to quash the information, raised the point that there was no evidence at the examina-

tion tending to support the first and third counts. The testimony was brief, but we think it furnished .sufficient facts from which the magistrate was justified in drawing reasonable inferences and finding the commission of the offenses, and to hold defendant to trial.

The prosecution may proceed under Act No. 330, Pub. Acts 1925.

The judgment is reversed, with directions to reinstate the information and proceed to trial.

NORTH, C. J., and FEAD, FELLOWS, CLARK, McDON-ALD, and SHARPE, JJ., concurred. POTTER, J., did not sit.