RITTER *v.* CITY OF PONTIAC.

1. CONSTITUTIONAL LAW—ORDINANCES—LICENSES—FOOD.

City ordinance regulating sale of food and imposing regulations as to sanitation which exempts county community market, located within city and housed in a structure of entirely different type than ordinary retail place for sale of food, solely for use of farmers disposing of their own products and regulated by board of supervisors *held,* not discriminatory or violative of due process and equal protection clauses of either State or Federal Constitutions because of such exception, as applied to seller of fruits and vegetables claiming right to conduct open air market, although exception uses particular name rather

than generic term, market is not screened and occasional over-flow crowd results in display of food without the enclosed structure and under State statute farmers may sell their products without obtaining a license (U. S. Const. Am. 14, § 1; Mich. Const. 1908, art. 2, § 16; 2 Comp. Laws 1929, § 9665; Pontiac Ordinance Regulating and Licensing the Sale of Food).

2. MUNICIPAL CORPORATIONS—ORDINANCES—LICENSES—FOOD—PARTIAL INVALIDITY—SEVERING CLAUSE.

While provision of ordinance vesting power in public health director, chief of police or their agents to revoke or suspend license, issued under ordinance regulating sale of food, for sufficient and proper cause is invalid for failure to provide a fixed standard for determination, such invalidity does not void ordinance *in toto*, where suspension clause is clearly severable and ordinance contains a severing clause (Pontiac Ordinance Regulating and Licensing the Selling of Food, §§ 3, 42).

Appeal from Oakland; Sample (George W.), J., presiding. Submitted May 7, 1936. (Docket No. 153, Calendar No. 38,964.) Decided June 16, 1936. Rehearing denied September 2, 1936.

Bill by Kevin J. Ritter against City of Pontiac, a municipal corporation, Charles A. Neafie, director of public health, and Charles McMillan, chief of police, to restrain enforcement of an ordinance, an injunction and other relief. Decree for plaintiff. Defendants appeal. Reversed.

*Verne C. Hampton,* for plaintiff.

*William A. Ewart,* for defendants.

NORTH, C. J. Plaintiff herein filed a bill of complaint in which he challenges the validity of an ordinance passed by the city of Pontiac, known as ordinance No. 885, and he seeks to have enforcement of the ordinance enjoined. Plaintiff is engaged in the general business of selling fruits and vegetables. The ordinance is one regulating and licensing the

sale of food; and as such by its terms is made applicable to all persons and firms engaged in the business of conducting a "food establishment" in the city of Pontiac. For the purpose of the ordinance the expression "food establishment" is therein defined as including restaurants, lunch stands, groceries, meat markets, bakeries, cafes, dining rooms, ice cream parlors, public or private markets, stalls, shops, stores, store houses, cold storage plants, or any other place or places in and from which meat, milk, ices, beverages or any provision intended for human consumption is kept, handled or stored. Plaintiff applied for a license but upon examination of his place of business the Pontiac health department reported unfavorably on his application. He was denied a license and the city authorities threatened to close his place of business. The grounds upon which plaintiff claims the ordinance is invalid are:

(1) That it is discriminatory and arbitrary;

(2) That it violates both the due process clauses and the equal protection provisions of the State constitution * and the Federal constitution; †

(3) That the ordinance is class legislation;

(4) That it delegates to the chief of police and director of health the power *to revoke* licenses without providing any fixed standards or rules for such determination.

The trial judge held the ordinance invalid *in toto* and decree was entered accordingly. Defendants have appealed.

Section 1 of the ordinance, after providing that it shall apply to food establishments, as hereinbefore noted, contains the following proviso:

* See Mich. Const. 1908, art. 2, § 16.—Reporter.
† See U. S. Const. Am. 14, § 1.—Reporter.

"Provided, however, that nothing herein contained shall apply to creameries or milk plants, fraternal, religious or social organizations who do not make a business of conducting a food establishment, or the Oakland Community Market in the city of Pontiac."

A like proviso is contained in section 9 of the ordinance. The Oakland Community Market is maintained by the county of Oakland and provides a place for the farmers of the county and surrounding territory to bring their produce and expose it for sale. The market building is a large inclosed structure, provided with detachable glass windows, and has five large entrances. It is plaintiff's contention that because the ordinance excepts the Oakland Community Market from its provisions, it is discriminatory in that there is no requirement that the producer selling food through this market shall procure a license or comply with other requirements of the ordinance. Among such requirements are the following: General sanitary conditions about the food establishment; that the windows and doors shall be screened; that the place shall be provided with lavatory and toilets; that fruits and vegetables shall be kept not less than two feet above the floor of the building; that prepared foods, cheese, candy, bread, cakes, figs, etc., shall be kept in closed glass cases or other suitable containers and protected from dust, dirt, flies, insects, dogs, etc.; that foods, fruits or farm products or other merchandise shall not be displayed or exposed in the open space in front of the place of business; that adulterated food or food unfit for human consumption shall not be sold or offered for sale. There are also provisions prohibiting sleeping or living rooms in the places of business unless entirely separated by solid partitions, provi-

sions for regulating the keeping of live poultry, requirements for sterilization, refrigeration, and also for the examination of employees and prohibiting employment of persons afflicted with a communicable disease.

In passing on plaintiff's claim the circuit judge said:

"I am of the opinion that the ordinance is discriminatory and, therefore, unconstitutional and void because it excepts what is known as the Pontiac Community Market and the Pontiac Municipal Market, and, therefore, does not apply to all places where fruits and vegetables and other articles of merchandise are bought and sold at retail as described in the ordinance which is before the court at this hearing. It may be that the markets thus excepted by the ordinance have certain supervision, but to leave them without any control and seek to control all other places of a similar nature and kind would, in the judgment of the court, make the ordinance void."

The question presented is whether there are reasonable grounds for exempting the community market from the terms of the ordinance, such as will not result in class legislation or render the ordinance unjustly discriminatory. The community market is maintained by public authorities and under established regulations adopted by the county board of supervisors. It is solely for the use of farmers in disposing of their own products. They are producers, and not retail merchants. Under the State law governing hawkers and peddlers, farmers may sell their products without obtaining a license. 2 Comp. Laws 1929, § 9665. Under prescribed regulations the community market is closed at one p. m. It is thoroughly cleaned between periods of use. The

manner in which the vendors may display their products for sale, including containers used, manner of protecting products from dirt, insects, etc., is regulated by public officers and employees in charge. Ice is furnished for preservation of articles of food requiring it. Rest rooms, toilets and lavatories are provided for those in attendance. In short, at this public market, under State law and by action of the board of supervisors, sanitary regulations are provided and enforced entirely apart from ordinance provisions. While it may be unfortunate that this market is designated in the exception provided in the ordinance by its particular name, rather than by generic terms, which would include other markets (if any) of like character, this objection is not urged and we think this circumstance does not render the ordinance invalid.

Plaintiff points out that he and others similarly situated are required to have their stock kept in a suitable place provided with screens at the windows and doors during the appropriate season, and that such requirement is not enforced at the community market. This objection is rather trivial; but in any event it is fully met by the difference in conditions. Plaintiff has a stock on hand continually, night and day, while the community market is wholly cleared out early each afternoon, it is thoroughly cleaned and from time to time flushed with water, and a fresh stock brought in by the producers each market day; and its operation is wholly under supervision and control of proper public officers and employees. Further the market building is structurally of entirely different type than the ordinary retail place.

The real contest in the instant case is whether plaintiff should be allowed to conduct a so-called open air market by displaying his stock outside of

his place of business and adjacent to the street. As noted before, the ordinance prohibits such display, and properly so, on the ground of sanitation and protection of public health. The fact that on occasion when there has been an overflow at the community market there has been departure from this ' sanitary regulation does not render the ordinance invalid.

Other phases of the ordinance requirements discussed in the briefs need not be reviewed. We have given it careful consideration and are of the opinion that the exemption of the Oakland Community Market from the provisions of the ordinance does not amount to discrimination or arbitrary classification such as to invalidate the ordinance or constitute it class legislation.

A more serious question is presented by plaintiff's contention that the ordinance is invalid on the ground that it delegates to the chief of police and director of public health the power to revoke licenses without providing any fixed standards or rules for such determination. We quote in part section 3 of the ordinance:

"The director of public health, or any of his duly authorized agents, or the chief of police, or any of his duly authorized agents, shall have authority to revoke or suspend *for sufficient and proper cause any license issued under authority of this ordinance,* by giving written notice of such action to the licensee. Provided, that in the event of such revocation or suspension, the licensee shall be entitled to a hearing before the city commission, if such hearing is demanded by him, in writing, and presented to the city clerk within ten days from the date of revocation or suspension of license. Such hearing shall be started at the following regular meeting of

the city commission, and the city commission, after hearing both sides of the question, shall act as sole judge of whether or not the revocation or suspension shall stand."

Clearly neither in the above quoted provision of the ordinance nor elsewhere therein is there provided any fixed standards or rules controlling suspension or revocation. Instead by its terms the ordinance attempts to vest the specified authorities with the arbitrary power of suspension or revocation for whatever to them shall seem "sufficient and proper cause." Such provisions are invalid. See, *People* v. *Sturgeon,* 272 Mich. 319, and cases there cited. But even so, invalidity of the ordinance *in toto* does not result. The quoted portion of section 3 is clearly severable from the remainder of the ordinance without rendering the balance inoperative. Further it is provided in the ordinance itself (section 42):

"That if any section of this ordinance shall be declared unconstitutional the same shall not affect any other section and shall not affect the validity of the ordinance as a whole."

In this connection see *People* v. *Armstrong,* 73 Mich. 288 (2 L. R. A. 721, 16 Am. St. Rep. 578); *People* v. *McMurchy,* 249 Mich. 147.

The decree entered in the circuit court will be vacated and one entered in this court in accordance herewith; costs to appellants.

FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.