CHUSID

*v.*

STATE SUPERINTENDENT OF PRIVATE
EMPLOYMENT BUREAUS

CONSTITUTIONAL LAW—STATUTES—PRIVATE EMPLOYMENT AGENCY
ACT—VAGUENESS—DELEGATION OF ARBITRARY POWER—SEVERABIL-
ITY.

> The phrase in § 5 of the private employment agency act "and if
> there is any good sufficient reason within the meaning and
> purpose of this act for rejecting such application" is vague
> and delegates unconstitutionally arbitrary powers to the State
> Superintendent of Private Employment Bureaus but this
> phrase is a distinct test and is severable from the other
> definite standards of that section of the act, which the super-
> intendent may therefore continue to apply (MCLA § 408.605).

Appeal from Wayne, Joseph G. Rashid, J. Submitted Division 1 October 6, 1970, at Detroit. (Docket No. 6,642.) Decided November 27, 1970. Leave to appeal denied March 23, 1971. 384 Mich 821.

Complaint by Frederick Chusid against Anne Carey, State Superintendent of Private Employment Bureaus of the Department of Licensing and Regulation, for a declaratory judgment that his firm is not subject to the private employment agency act

REFERENCE FOR POINTS IN HEADNOTE
27 Am Jur 2d, Employment Agencies §4.

and that § 5 of that act is unconstitutional. Summary judgment for plaintiff that § 5 of the act is unconstitutional. Defendant appeals. Reversed and remanded.

*Louisell & Barris* and *Feikens, Dice, Sweeney & Sullivan* (by *Joseph Levin*) for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Florence N. Clement* and *Harry G. Iwasko, Jr.,* Assistants Attorney General, for defendant.

Before: LESINSKI, C. J., and BRONSON and ENGEL,* JJ.

LESINSKI, C. J.   Plaintiff owns and operates a firm which, through psychological counseling, purports to guide its clients towards realization of their full executive and managerial potential. Pursuant to GCR 1963, 521, plaintiff began suit for a declaratory judgment decreeing that his firm is not subject to the private employment agency act, MCLA § 408.601 *et seq.* (Stat Ann 1968 Rev § 17.391 *et seq.*), and that § 5 of the act, MCLA § 408.605 (Stat Ann 1968 Rev § 17.395), is unconstitutional in that it is unduly vague and delegates discriminatory power upon the State Superintendent of Private Employment Bureaus. The trial court granted plaintiff's motion for summary judgment on the constitutionality question but reserved for factual determination whether the act applies to plaintiff's agency. Defendant appeals.

The statute in question reads:

"Upon filing of an application for a license as provided in section 4, hereof, the state superintend-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ent of private employment bureaus shall cause an investigation to be made as to the character and financial standing of the applicant, if the applicant is a corporation, of all the officers thereof, if a partnership, of all partners, also of the person who is to have the general management of the office and as to the location of the office. *The application shall be rejected if the state superintendent of private employment bureaus shall find that any of the persons named as applicants in the application or the general manager of the office are not of good moral character, business integrity or financial responsibility and if there is any good sufficient reason within the meaning and purpose of this act for rejecting such application.* Unless the applicant shall be rejected for 1 or more of the causes specified above it shall be granted. A detailed record of such investigation shall be made in writing and become a part of the official records of the state superintendent of private employment bureaus". (Emphasis supplied.)

Defendant concedes that the phrase, "and if there is any good sufficient reason within the meaning and purpose of this act for rejecting such application", is an unduly vague standard and bestows discriminatory power upon the superintendent. Indeed, several cases hold that similarly worded standards, without more definite elaboration, confer unconstitutionally arbitrary power. *Postal* v. *Village of Grosse Pointe* (1927), 239 Mich 286, 288 ("for good and satisfactory reasons"); *Eastwood Park Amusement Co.* v. *Mayor of East Detroit* (1949), 325 Mich 60, 70 ("for good satisfactory reasons"); *Ritter* v. *City of Pontiac* (1936), 276 Mich 416, 422 ("for sufficient and proper cause").

The trial court found that the unconstitutional phrase was not merely a "catch-all" to complement the more definite rejection standards of good moral

character, business integrity and financial responsibility but, rather, the vague phrase was appended to the more definite standards so that the superintendent could only reject an application if the applicant failed to meet one of the definite standards *and* the "good sufficient reason" standard. The trial court concluded that the "good sufficient reason" clause could not be severed from the other valid portions of § 5.

The trial court correctly ruled that the clause in question is vague and delegates unconstitutionally arbitrary power to the superintendent. However, we do not agree that the phrase cannot be severed. Section 5 not only sets out the four rejection standards but also states that these criteria are separate and distinct:

"Unless the applicant [*sic*] shall be rejected for *1 or more* of the causes specified above it shall be granted". (Emphasis supplied.)

The "good sufficient reason" standard is a distinct test and we hold that it is severable from the other definite standards of § 5. Section 23 of the act, MCLA § 408.623 (Stat Ann 1968 Rev § 17.413), declares:

"Should 1 or more of the provisions of this act be held invalid, such invalidity shall in no manner affect any of the valid provisions hereof".[1]

In *People* v. *McMurchy* (1930), 249 Mich 147, the inclusion of an unconstitutional phrase in a section of a statute did not render the section unconstitutional where the constitutionally repugnant words could be severed from the valid remainder of the section and the remainder was operable. The

---

[1] See, also, the general severability clause. MCLA § 8.5 (Stat Ann 1969 Rev § 2.216).

superintendent may continue to apply the definite standards of § 5, *i.e.*, a permit may be denied if the applicant or the general manager of the office is not of good moral character, or is not honest in business dealings, or is not financially responsible.

Reversed and remanded for action consistent with this opinion. No costs, a public question being involved.

All concurred.