PEOPLE v RUBIN WILLIAMS

OPINION OF THE COURT

1. INFANTS—PROBATE COURT—JURISDICTION—WAIVER—CONSTITU-
TIONAL LAW—DUE PROCESS—COURT RULES.

Waiver of jurisdiction over a juvenile defendant by a probate
court to circuit court pursuant to a juvenile court rule meets
the settled requirements of procedural due process (JCR 1969,
11).

2. INFANTS—PROBATE COURT—JURISDICTION—WAIVER—EVIDENCE—
HOMICIDE—COURT RULES.

Waiver of jurisdiction over a juvenile defendant by a probate
court to circuit court pursuant to a juvenile court rule was
adequately supported by the evidence where such evidence
included testimony of a police officer, a probate court case-
worker, a county department of social services caseworker, a
probate court probation officer, and assistant principals of high
schools and a doctor's psychological evaluation, and where the
defendant's prior record included assaultive behavior, and the
present offense, homicide, was a most serious assaultive act an
individual could perform, and where testimony indicated that
the programs and facilities of the juvenile court were no longer
suitable for the defendant (JCR 1969, 11).

3. CRIMINAL LAW—SENTENCING—JUVENILE RECORD.

It is permissible for a trial judge to refer to a defendant's juvenile
record in imposing sentence.

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
Children §§ 13, 16–21, 43.
[2] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
Children §§ 19, 49.
Homicide by juvenile as within jurisdiction of a juvenile court, 48
ALR2d 663.
[3] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
Children §§ 4, 8.

4. INFANTS—PROBATE COURT—JURISDICTION—WAIVER—COURT RULES
—CONSTITUTIONAL LAW—DUE PROCESS.

*A juvenile waiver proceeding pursuant to a juvenile court rule,
while fully adequate as to the requirements of procedural due
process, has as its purpose a severing of that juvenile from an
entire class of all other persons under 17 years of age and
placing him in a class with adults, and the waiver subjects him
to altogether different laws and penalties, a treatment which is
not procedure but rather is a substantive matter; and while the
Supreme Court might by rule provide for the trial of a juvenile
in some other court under the laws as to juveniles, the Su-
preme Court cannot make the law, either as to juveniles or
adults, because this is a matter for the Legislature (JCR 1969,
11).*

Appeal from Genesee, John W. Baker, J. Sub-
mitted Division 2 June 7, 1973, at Lansing. (Docket
No. 13527.) Decided October 31, 1973.

Rubin C. Williams was convicted, on his plea of
guilty, of second-degree murder. Defendant ap-
peals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, *Donald A. Kuebler,* Chief,
Appellate Division, and *Joel B. Saxe,* Assistant
Prosecuting Attorney, for the people.

*Richard S. McMillin* and *Dennis H. Benson,*
Assistant State Appellate Defenders, for defend-
ant.

Before: HOLBROOK, P. J., and DANHOF and AD-
AMS,* JJ.

HOLBROOK, P. J. On September 7, 1971, a war-
rant and complaint were issued against defendant
Williams charging him with first-degree murder.

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

MCLA 750.316; MSA 28.548. On this date defendant Williams was 15 years old. The plaintiff filed a motion in the juvenile division of Genesee County Probate Court which sought a waiver of probate court jurisdiction over the defendant in order that he might be prosecuted under the Michigan general criminal statutes. Judge Quinn of Genesee County Probate Court granted plaintiff's motion. Accordingly, a preliminary examination in this matter was held on September 15, 1971, and upon a finding of the requisite probable cause, defendant Williams was bound over to Genesee County Circuit Court for trial. Defendant was arraigned on the information on October 4, 1971. On November 9, 1971, defendant Williams entered a plea of guilty to the charge of second-degree murder. MCLA 750.317; MSA 28.549. An examination of the plea transcript indicates that Judge Baker complied with GCR 1963, 785, and *People v Jaworski* 387 Mich 21; 194 NW2d 868 (1972), in accepting defendant's plea of guilty. On December 14, 1971, Judge Baker sentenced the defendant to a term of 12-1/2 to 30 years in prison with credit given for 136 days already spent in jail.

A timely petition for court-appointed appellate counsel was granted by order of the circuit court on December 29, 1971. On February 7, 1972, defendant filed a timely claim of appeal. There was no motion to withdraw the guilty plea in the lower court. However, on August 25, 1972, defendant filed a motion for peremptory reversal on the basis of the holding in *People v Fields,* 388 Mich 66; 199 NW2d 217 (1972). The plaintiff agreed with the defendant's position, but this Court on September 29, 1972, denied defendant's motion "without prejudice, however, to defendant's renewal of the motion following the Supreme Court's decision on

rehearing of *People v Fields,* 388 Mich 66 [199 NW2d 217] (1972)". We deem it proper at this time to proceed and decide the issues raised on this appeal.

I

*Did the waiver of defendant from probate court jurisdiction to circuit court jurisdiction violate his right to due process of law?*

Defendant contends that the procedure under which the probate court waived jurisdiction over him denied him his right to due process of law because the waiver procedure did not provide that the plaintiff carry any clearly defined burden of proof when seeking such waiver.

This Court recently spoke to the issue of waiver from juvenile court to circuit court in *People v Jackson,* 46 Mich App 764; 208 NW2d 526 (1973). Waiver of juvenile court jurisdiction of the defendant in *Jackson,* like the waiver of jurisdiction over the defendant in the instant case, occurred *after* the Michigan Supreme Court's promulgation of JCR 1969, 11. This Court pointed out that the contested waiver of jurisdiction in *Fields, supra,* occurred in 1968, *before* the adoption of JCR 1969, 11. Therefore, this Court in *Jackson* effectively limited the holding in *Fields* to waiver hearings prior to the promulgation of JCR 1969, 11 because Judge J. H. GILLIS, with Chief Judge LESINSKI and Judge FITZGERALD concurring, stated the juvenile court rule contains all the settled requirements of procedural due process. Accordingly, even in light of *Fields,* this Court in *Jackson* held (p 769; 208 NW2d at 530) that "jurisdiction of defendant was properly waived pursuant to that general court rule *[i.e.,* JCR 1969, 11]".

The similarity between *Jackson* and the instant case is based on the fact that both waiver hearings took place *after* the promulgation of JCR 1969, 11. With regard to this juvenile court rule, this Court in *Jackson* declared (p 768; 208 NW2d at 529):

"Thus, when the Supreme Court, in 1969, undertook to write the Juvenile Court Rules, it assumed its power to govern rules of practice, procedure, and evidence. *Specifically, JCR 1969, 11, provides, in waiver hearings, the criteria for waiver, notice of hearing, right to counsel and access to social reports pursuant to the now settled requirements of procedural due process* announced in *Green v United States,* 113 US App DC 348; 308 F2d 303 (1962), and *Kent v United States,* 383 US 541; 86 S Ct 1045; 16 L Ed 2d 84 (1966)." (Emphasis supplied.)

This Court in *Jackson* ruled that the "criteria for waiver" meets due process. Therefore, defendant's argument that the lack of a specific burden of proof standard violates due process is devoid of merit.

## II

*Was there sufficient evidence to support the probate court's waiver of jurisdiction over the defendant?*

The method in which a probate court judge determines whether juvenile court jurisdiction should be waived with respect to a particular defendant is set forth in JCR 1969, 11.

A hearing on the waiver issue was held on September 7, 1971, before Genesee County Probate Court Judge Luke Quinn. Testimony from a number of witnesses was given at the waiver phase of the probate court hearing, *viz.:* Mr. Joseph Larry Wilson, a Flint police officer serving as liaison

officer to the juvenile division; Mr. Kenneth Kara-
sick, a juvenile caseworker for Genesee County
Probate Court; Miss June LaChappelle, caseworker
for the Genesee County Department of Social Ser-
vices; Mr. Manuel Holcolm, probation officer for
Genesee County Probate Court. The psychological
evaluation by Dr. Carl Poit was admitted into
evidence by way of defendant's counsel's stipula-
tion. Also assistant principals of junior high
schools where defendant had been removed testi-
fied concerning his removal from the schools.
Judge Quinn granted plaintiff's petition to waive
juvenile court jurisdiction over the defendant, and
in so doing declared:

"Well, upon listening to the testimony presented here
this morning and having read the report of Mr. Poit,
the court psychologist, which has been stipulated to by
both parties, I find that there is probable cause to
believe that Rubin Williams did commit the offense
charged and the best interest of Rubin Williams and
the public would best be served by waiving him to
circuit court and trying him as an adult. In reaching
that decision, I considered the criteria as follows, his
prior record and character, the seriousness of this of-
fense and the best interest of the public welfare and
protection of the public that I am sincerely convinced
that this is just the culmination of a long line of
assaultive incidents in this young man's career, it was
just bound to happen and I therefore feel, that if he is
to be helped at all, it will now have to be in the adult
court through those rehabilitative facilities, because I
just don't think that the services that this court has
had to offer or has to offer will in any way benefit this
young man or afford the public the protection it must
have from this sort of conduct. Thank you."

The defendant is now attacking the waiver of
juvenile court jurisdiction on appeal and contend-
ing that there was not sufficient testimony pre-

sented at the waiver hearing to justify Judge
Quinn's ruling. Mr. Karasick stated that he had
been defendant's caseworker from January 5,
1970, until February 1971. During this period, Mr.
Karasick testified that defendant Williams at-
tended four different schools, because the defend-
ant was often fighting and stealing things while in
school. Also during this period, Karasick indicated
that the defendant was moved from the home of
Mr. Turlay, a friend of the family, to the home of
Miss LeGere, the defendant's sister. It was estab-
lished that Miss LeGere was the guardian of the
defendant and his two brothers, because the par-
ents of the boys were deceased. Mr. Karasick
further testified that the defendant "had a bad
attitude" and "was always a happy-go-lucky per-
son and never seemed too concerned about his
involvement with the court". When asked what his
opinion was as to whether he felt it was in the
best interest of the people to waive juvenile court
jurisdiction, Mr. Karasick replied in the following
manner:

"I think that perhaps the facilities for adults would
be more beneficial for Rubin should he be waived, I
think that juvenile court does not have—it is not a
criminal court and therefore we do not have facilities
readily available to process persons in Rubin's condi-
tion."

However, on cross-examination, it was estab-
lished that the defendant had never been to the
Michigan Training School, which is a facility for
juveniles from 15 to 19 years of age. In any event,
Mr. Karasick felt that the juvenile court facilities
had been exhausted with regard to this particular
defendant. Mr. Karasick stated that Jackson
Prison would not be a beneficial place for the
defendant, but indicated that Ionia would be satis-

factory because there the defendant "could get more help than any juvenile facility available in Genesee County or the state".

After reading all the testimony we are convinced that it adequately supports Judge Quinn's waiver from probate court to circuit court. This conclusion is sound because defendant's prior record includes assaultive behavior, and the present offense was the most serious assaultive act an individual could perform. In addition the testimony indicated that the programs and facilities of the juvenile court were no longer suitable for the defendant. Therefore, we rule that Judge Quinn did not err in waiving juvenile court jurisdiction over the defendant.

## III

*Did the sentencing judge consider defendant's juvenile record prior to sentencing in violation of* People v McFarlin, *41 Mich App 116; 199 NW2d 684 (1972)?*

This issue is without merit because our Supreme Court in *People v McFarlin,* 389 Mich 557; 208 NW2d 504 (1973), has ruled that it is permissible to refer to a defendant's juvenile record in imposing sentence.

Affirmed.

DANHOF, J., Concurred.

ADAMS, J. *(dissenting).* I agree with Judge HOLBROOK'S opinion in this case and with Judge J. H. GILLIS' opinion in *People v Jackson,* 46 Mich App 764; 208 NW2d 526 (1973), that JCR 1969, 11 is fully adequate as to the requirements of procedural due process. However, in a juvenile waiver proceeding, the juvenile is severed from the entire

class of all other persons under 17 years of age. The basis for the classification of juveniles is age. A juvenile who is waived from his class and placed in a class with adults is subjected to altogether different laws and penalties.

I do not question that certain juveniles can be severed out of the class of all juveniles by proper classification and placed in a class with adult offenders. However, such treatment is not *procedure,* but rather is a *substantive* matter. While the Supreme Court might by rule provide for the trial of a juvenile in some other court, under the *laws* as to juveniles, the Supreme Court cannot make the law, either as to juveniles or adults. This is for the Legislature. See my opinion in *People v Fields,* 388 Mich 66, 75-77; 199 NW2d 217, 221-222 (1972).

Assuming the probate court had jurisdiction to waive the defendant, I would agree with Judge HOLBROOK that there was sufficient evidence to support the waiver. I also agree that, in accordance with *People v McFarlin,* 389 Mich 557; 208 NW2d 504 (1973), the sentencing judge could refer to defendant's juvenile record in imposing sentence.

I would reverse and remand to the probate court for appropriate proceedings in that court.