PEOPLE v WHITE

OPINION OF THE COURT

1. INFANTS—PROBATE COURT—JURISDICTION—WAIVER—CONSTITU-
   TIONAL LAW—DUE PROCESS—COURT RULES.
   
   Waiver of jurisdiction over a juvenile defendant by a probate
   court to a circuit court pursuant to a juvenile court rule meets
   the settled requirements of procedural due process (JCR 1969,
   11).

2. INFANTS—PROBATE COURT—JURISDICTION—WAIVER—CRIMINAL LAW
   —EVIDENCE—PRIOR JUVENILE RECORD.
   
   A probate judge had sufficient evidence from which to conclude
   that the best interests of the child and the public would be
   served by granting a waiver of jurisdiction to the criminal
   court where the record disclosed that the juvenile had a long
   prior record with the juvenile court and the various offenses
   were serious and had a repetitive pattern, providing compelling
   evidence that the several rehabilitative efforts conducted under
   juvenile procedure had been and continued to be unsuccessful.

CONCURRENCE BY ADAMS, J.

3. INFANTS—PROBATE COURT—JURISDICTION—WAIVER—CRIMINAL LAW
   —CONSTITUTIONAL LAW—STATUTES—PROSECUTING ATTORNEY—
   DUTY.
   
   *The mandatory language of that portion of a statute which
   provides for the waiver of jurisdiction by the probate court to
   the criminal court over a child over the age of 15 years who is
   accused of any act the nature of which constitutes a felony
   which involves a maximum penalty of imprisonment for a term
   of more than 5 years is constitutionally valid because it sets*

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
   Children §§ 9, 16, 17.
[2] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
   Children §§ 4, 8.

*forth a clearly ascertainable standard; it was the duty of the prosecuting attorney, by proper motion, to place such a case before the probate judge for waiver (1944 PA 54 [First Extra Session], § 4).*

Appeal from Oakland, Farrell E. Roberts, J. Submitted Division 2 May 15, 1973, at Lansing. (Docket No. 14750.) Decided December 6, 1973. Leave to appeal denied, 391 Mich 819.

Donald L. White was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Frank R. Knox,* Chief Appellate Counsel, for the people.

*Judith K. Munger,* Assistant State Appellate Defender, for defendant.

Before: FITZGERALD, P. J., and T. M. BURNS and ADAMS,* JJ.

FITZGERALD, P. J. Defendant appeals as of right from a jury conviction of armed robbery[1] for which he was sentenced to 8 to 20 years imprisonment.

At the time of his arrest, defendant was a juvenile charged with five other felony offenses.[2] A hearing was held to determine whether jurisdiction over the defendant should be waived to the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 750.529; MSA 28.797.

[2] Breaking and entering an occupied dwelling, MCLA 750.110; MSA 28.305.

Assault with intent to rob and steal while armed, MCLA 750.89; MSA 28.284.

Assault with intent to do great bodily harm less than murder, MCLA 750.84; MSA 28.279.

Assault with intent to rape, MCLA 750.85; MSA 28.280.

Armed robbery, MCLA 750.529; MSA 28.797.

circuit court. A Dr. Mumby offered the only testimony in stating his belief that the defendant could be rehabilitated and that his antisocial conduct was not the result of psychopathy or criminal propensity. Though of the opinion that defendant was of low normal intelligence, Dr. Mumby felt that with extensive personal counseling and vocational training defendant could be rehabilitated. Owing to his unfamiliarity with various rehabilitative facilities available at different correctional institutions, Dr. Mumby was unable to give his opinion as to their suitability for treating defendant. At the conclusion of the hearing, the probate judge ordered that jurisdiction be waived to the circuit court. A jury found defendant guilty of armed robbery and this appeal followed.

Defendant makes three claims of error, all of which are without merit. It is first argued that the statute under which the probate court waived jurisdiction over defendant was unconstitutional in that it failed to provide clear and adequate standards for such waiver. We disagree. MCLA 712A.4; MSA 27.3178(598.4), as amended provides:

"In any case where a child over the age of 15 years is accused of any act the nature of which constitutes a felony, the judge of probate of the county wherein the offense is alleged to have been committed may, after investigation and examination, including notice to the prosecuting attorney, and parents or guardians if addresses are known, and upon the court's own motion or motion of the prosecuting attorney, waive jurisdiction; whereupon it shall be lawful to try such child in the court having general criminal jurisdiction of such offense."

In *People v Fields,* 388 Mich 66; 199 NW2d 217 (1972), rehearing granted September 1, 1972, the Supreme Court declared this statute unconstitu-

tional because it lacked suitable and ascertainable standards under which to make waiver determinations. The Court ruled that adherence to the criteria set forth in the Juvenile Court Rules of 1969, Rule 11, regarding waiver of jurisdiction was ineffective in curing the constitutional defect of the waiver statute. However, this Court has since decided *People v Jackson,* 46 Mich App 764; 208 NW2d 526 (1973) which, conceding *arguendo* the continued validity of *Fields, supra,* held that waiver of juvenile court jurisdiction pursuant to the General Court Rules is constitutional. Waiver of jurisdiction in the instant case occurred in August of 1971, over two years following adoption of JCR 1969, 11.1. In *Fields,* the contested waiver of jurisdiction occurred prior to adoption of this rule. The identical disposition was rendered in *People v Rubin Williams,* 50 Mich App 270; 213 NW2d 307 (1973). We note further that even if MCLA 712A.4; MSA 27.3178(598.4), and the subsequent 1969 amendment were considered unconstitutional and the *Jackson* court erred in concluding that a general court rule can supply the missing elements of due process which a statute lacks, waiver of jurisdiction in the instant case would automatically follow by virtue of the validation of 1944 PA 54, § 4 which requires mandatory waiver of jurisdiction of 15- and 16-year-old juveniles accused of crimes carrying a maximum penalty of 5 years or more.[3]

Defendant next contends that waiver of jurisdiction was improper in that the court had no basis for determining whether the interests of defendant

---

[3] Defendant was convicted of armed robbery which imposes a maximum sentence of life imprisonment. By adopting plaintiff's position that MCLA 712A.4; MSA 27.3178(598.4) is unconstitutional, it will be treated as a nullity and the law would remain as it was prior to the unsuccessful attempt to amend. *People v Smith,* 246 Mich 393; 224 NW 402 (1929).

and the public would be served by such waiver. It is defendant's position that because the suitability of rehabilitative programs and facilities available to criminal courts was not known to Dr. Mumby nor presented to the court, the rehabilitative efforts made previously by juvenile authorities should be continued. The people argue that extensive therapeutic efforts under continuous close supervision could not be accomplished in a juvenile facility since the program would terminate with defendant's 19th birthday, two years after the waiver hearing. JCR 1969, 11.1(B) provides:

"(B) *Phase 2: Criteria for Waiver:* Upon a showing of probable cause, the court shall proceed to conduct a full investigation to determine whether or not the interests of the child and the public would best be served by granting a waiver of jurisdiction to the criminal court.

"In making such determination, the following criteria shall be considered:

"(1) The prior record and character of the child, his physical and mental maturity, and his pattern of living;

"(2) The seriousness of the offense;

"(3) Even though less serious, if the offense is part of a repetitive pattern of offenses which would lead to a determination that the child may be beyond rehabilitation under the regular statutory juvenile procedure;

"(4) The relative suitability of programs and facilities available to the juvenile and criminal courts for the child;

"(5) Where it is found to be in the best interests of the public welfare and for the protection of the public security, generally, that said juvenile be required to stand trial as an adult offender."

A review of the Criteria for Waiver convinces us that the probate judge had sufficient evidence from which he could conclude that the best interests of the child and the public would best be served by granting a waiver of jurisdiction to the criminal

court. The record discloses that defendant had a long prior record with the juvenile court. The seriousness and repetitive pattern of the various offenses provide compelling evidence that the several rehabilitative efforts conducted under juvenile procedure have been and continue to be unsuccessful. Nor can we presume that Dr. Mumby's unfamiliarity with the programs and facilities available to criminal courts prevented the court from properly waiving jurisdiction. The trial court took judicial notice of available rehabilitative facilities, being intimately familiar with them through his long exposure on the bench. The finding that jurisdiction should be waived was not clearly erroneous.

The final issue contests the use of prior juvenile conviction at sentencing. The Supreme Court has ruled in *People v McFarlin,* 389 Mich 557; 208 NW2d 504 (1973), that it is permissible to refer to a defendant's juvenile record in imposing sentence.

Affirmed.

T. M. BURNS, J., concurred.

ADAMS, J. *(concurring).* My views with regard to the constitutionality of MCLA 712A.4; MSA 27.3178(598.4) are set forth in my opinion in *People v Fields,* 388 Mich 66; 199 NW2d 217 (1972) and need not be repeated here. In my dissenting opinion in *People v Rubin Williams,* 50 Mich App 270; 213 NW2d 307 (1973), I set forth my views as to whether Juvenile Court Rules of 1969, Rule 11, is effective in providing substantive standards for waiver of juveniles as opposed to meeting the requirements of procedural due process. In my opinion, neither issue is dispositive here.

Act 22 of the Public Acts of 1946 (1st Ex Sess) changed the language of § 4 to read as set forth by

Judge FITZGERALD in his opinion.[1] This act states in its title its purpose as:

"[T]o amend sections 3 and 4 of chapter 12a of Act No. 288 of the Public Acts of 1939 * * * to revise and consolidate the statutes relating to the organization and jurisdiction of the probate courts of this state; * * * and the jurisdiction of the juvenile division of the probate courts over children * * * ."

Section 4 of Act 54 of the Public Acts of 1944 (1st Ex Sess) reads as follows:

"In any case where a child over the age of 15 years is accused of any act the nature of which constitutes a felony which involves a maximum penalty of imprisonment for a term of more than 5 years, the judge of probate of the county wherein the offense is alleged to have been committed *shall,* upon motion of the prosecuting attorney, *waive jurisdiction,* and in case of all other felonies, said judge may, after investigation and examination, including notice to parents if address is known, and upon motion of the prosecuting attorney, waive jurisdiction; whereupon it shall be lawful to try such child in the court having general criminal jurisdiction of such offense." (Emphasis added.)

In *People v Smith,* 246 Mich 393, 398; 224 NW 402, 404 (1929), the Court dealt with a statute the text of which far exceeded the scope of its title. The Court there stated:

"We must hold the amendment, attempted by Act No 37, Pub Acts 1927, unconstitutional, and, therefore, no amendment. This holding leaves the law as it was before the aborted attempt to amend."

See also *In re Petition of Hendricks,* 248 Mich

---

[1] Act 140 of the Public Acts of 1969, an amendatory act in effect at the time juvenile court jurisdiction over defendant White was waived in 1971, incorporated certain insubstantial changes into the statutory language but in no way cured the constitutional defect recognized in *Fields.*

124; 226 NW 878 (1929); *People v Rose,* 218 Mich
642; 188 NW 417 (1922); *John Spry Lumber Co v
Sault Savings Bank Loan & Trust Co,* 77 Mich 199;
43 NW 778 (1889); *Campau v Detroit,* 14 Mich 276;
66 ALR 1483 (1866); Michigan Civil Jurisprudence,
§§ 163, 170–174, pp 542–544, 553–563.

Based upon the above authorities, it must be
concluded that 1944 PA 54 (1st Ex Sess), § 4 did
revive as the applicable law upon the declared
unconstitutionality of MCLA 712A.4; MSA
27.3178(598.4).

· The mandatory language of the first portion of
§ 4 which requires a probate judge to waive juris-
diction in cases involving a felony carrying a
maximum penalty of imprisonment for a term of
more than five years sets forth a clearly ascertain-
able standard. By contrast, the remaining lan-
guage with regard to all other felonies leaves in
the hands of a probate judge the same broad
unascertainable discretion held subject to constitu-
tional infirmities in *People v Fields, supra.* How-
ever, the last half of § 4 can be severed, leaving
the first half of said section remaining as applica-
ble law. See *Eastwood Park Amusement Co v
Mayor of East Detroit,* 325 Mich 60; 38 NW2d 77
(1949); *Rohan v Detroit Racing Association,* 314
Mich 326; 22 NW2d 433 (1946); *Ritter v Pontiac,*
276 Mich 416; 267 NW 641 (1936); *People v Mc-
Murchy,* 249 Mich 147, 157–159; 228 NW 723, 727–
728 (1930); *Chusid v State Superintendent of Pri-
vate Employment Bureaus,* 28 Mich App 72; 184
NW2d 276 (1970); and 2 Sutherland, Statutory
Construction (4th ed), § 44.12, pp 357–358.

Finally, while the language of § 4 does not spe-
cifically mandate a motion by the prosecuting
attorney, in view of the fact that the language of
the first half of § 4 is mandatory as to the duty of

the probate judge, I conclude that in all cases where a child over the age of 15 years is accused of any act the nature of which constitutes a felony which involves a maximum penalty of imprisonment for a term of more than 5 years, it would be the duty and responsibility of the prosecuting attorney, by proper motion, to place the case before the probate judge for waiver.